## Partusch v. Kaufman-Straus Company, et al.

(Decided June 2, 1925.)

### Appeal from Jefferson Circuit Court (Common Pleas, Third Division).

Master and Servant—Dependent Not Entitled to Compensation for Death Occurring More than Two Years After Injury.—In view of Workmen's Compensation Act, sections 4882 and 4893, only prescribing compensation for death within two years of injury, dependent mother held not entitled to recovery for death of daughter occurring 2 years and 46 days after injury, notwithstanding sections 4880 and 4896, do not limit liability for death from injuries to any period.

A. H. VEENEMAN and JOSEPH SOLINGER for appellant.

HARRY L. MEANS and JOHN L. WOODBURY for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

This is an appeal from a judgment of the Jefferson circuit court affirming a finding of the Workmen's Compensation Board that appellant was not entitled to compensation for the death of her daughter, Anna Partusch.

The facts are these: Anna Partusch was in the employ of Kaufman-Straus Company and both had accepted the provisions of the Workmen's Compensation Act. On June 6, 1921, Anna Partusch received an injury that resulted from an accident arising out of, and in the course of her employment, and was permanently and totally disabled. She was awarded compensation at the rate of $7.80 a week, and the compensation was paid for a period of two years and forty-six days, at the end of which time she died from the effects of the injury received. Thereupon appellant, claiming to be wholly dependent on her daughter, applied for compensation on account of her death.

The provisions of the Workmen's Compensation Act, in so far as they are applicable, are as follows:

"Section 4880. This act shall apply to all employers having three or more employes regularly engaged in the same occupation or business, and to their employes, except that it shall not apply to domestic employment, agriculture, steam railways,

or such common carriers other than steam railways for which a rule of liability is provided by the laws of the United States. It shall affect the liability of the employers subject thereto to their employes for personal injuries sustained by the employe, or for death resulting from such accidental injury; provided, however, that personal injury by accident as herein defined shall not include diseases except where the disease is the natural and direct result of a traumatic injury by accident, nor shall they include the results of a pre-existing disease."

"Section 4882. Whereas, (when) at the time of the injury both employer and employe have elected to furnish or accept compensation under the provisions of this act for a personal injury, received by an employe by accident and arising out of and in the course of his employment, or for death resulting from such injury, within two years thereafter, the employer shall be liable to provide and pay compensation under the provisions of this act and shall be released from all other liability whatsoever. . . . Notwithstanding anything hereinbefore or hereafter contained, no employe or dependent of any employe shall be entitled to receive compensation on account of any injury to or death of an employe caused by a wilful self-inflicted injury, wilful misconduct or intoxication of such employe."

"Section 4893. If death results within two years from an accident for which compensation is payable under this act, the employer or his insurer shall pay to the persons entitled to compensation, or, if none, then to the personal representative of the deceased employe, reasonable burial expenses of a person of the standard of living of the deceased, not to exceed the sum of seventy-five dollars ($75.00), and shall also pay to or for the following persons compensation as follows, to-wit:

"(1) If there are no dependents, as herein defined, there shall be paid in addition to the burial expenses and medical expenses, if any otherwise provided for herein, the further sum of one hundred dollars ($100.00) payment to be made to the personal representative of the deceased employe.

"(2) If there are one or more wholly dependent persons, sixty-five per cent (65%) of the average

weekly earnings of the deceased employe, but not to exceed twelve dollars ($12.00) nor less than five dollars ($5.00) per week shall be payable, all such payments to be made for the period between the date of death and 335 weeks after the date of accident to the employe, or until the intervening termination of dependency, but in no case to exceed the maximum sum of four thousand dollars ($4,000.00).

"(3)   If there are partly dependent persons the payment shall be such part of what would be payable for total dependency as the partial dependency existing at the time of the accident to the employe may be proportionate to total dependency, all such payments to be made for the period between the date of death and 335 weeks after the date of the accident to the deceased employe, or until the intervening termination of dependency, but in no case to exceed in the aggregate of compensation on account of such death the maximum sum of four thousand dollars ($4,000.00).

"Partial dependency shall be determined by the proportion of the earnings of the employe which have been contributed to such partial dependent during one year next preceding the date of injury, if the relation of partial dependency shall not have existed for one year next preceding the date of injury, the board shall consider all the facts and circumstances and fix such proportion as may be fair and reasonable thereunder.

"(4)   All relations of dependency herein referred to shall be construed to mean dependency existing at the time of accident to the employe."

It is true that section 4880 provides that the act shall affect the liability of employers for death resulting from accidental injury without limiting the time in which death shall occur, and that the latter part of section 4896 provides for compensation for death occuring after a period of total or partial disability without providing when death shall occur; but the act must be construed as a whole and the above provisions considered in connection with sections 4882 and 4893, which prescribe the conditions under which compensation is payable. Section 4882 makes it plain that the employer's liability is confined to "death resulting from such injury within two years thereafter," and this limitation is further

strengthened by section 4893 which designates the persons to whom compensation shall be paid "if death results within two years from an accident for which compensation is payable under this act."

Even though the case is one that appeals to the sympathy of the court, we are not at liberty to ignore these provisions and make an exception not contemplated by the act.

Judgment affirmed.