## Harrison et al. v. Tierney Mining Co.

Dec. 16, 1938.

638

V. B. BENTLEY for appellants.
CLYDE R. LEVI for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On and prior to May 15, 1933, Otis Harrison was an employee of appellee and defendant below, Tierney Mining Company, as a laborer in one of its coal mines in Pike County, Kentucky. He and his employer were working under our Workmen's Compensation Statute, Kentucky Statutes, Section 4880 et seq.; it having been accepted by both. On the day indicated he sustained injuries by falling slate from the effects of which he was disabled to pursue his occupation at any time thereafter and, according to the pleadings of appellants and plaintiffs below, he died as a result of his injuries on January 21, 1938, nearly five years after receiving his injuries.

It appears that some controversy arose as to the extent of the employee's disability, as well as to its probable permanency during which—as we gather from the record—some sort of agreed temporary compensation was made until the controversy could be settled amicably, if possible, but if not, by an application to the Compensation Board for an award. The parties, however, eventually agreed that an award might be rendered for allowances of $11.70 per week for 57 weeks, and $10.80 per week for 278 additional weeks, and for

the payment of a medical bill of $150 and an attorney's fee of $200. The medical bill and the attorney's fee were both paid and the agreed to compensation was submitted to the Board on Form No. 9 provided by it for such purpose, and it approved the agreed award. Payments of the approved compensation were thereafter made to the employee up to the time of his death. But there was then a considerable unexpired period (92 weeks) for which compensation had been allowed, the installments for which were not due or had not accrued at the time of his death.

On May 19, 1938, about four months after the employee's death, appellants and plaintiffs below, Opal Harrison, decedent's widow, and Jackie Harrison, his infant son—who were the only dependents surviving him—filed before the Compensation Board what they styled a "Petition for Review" in which they alleged facts which they claimed constituted both mistake and fraud in the procuring of the approved agreed award under which decedent collected the allowances for four years or more, and they prayed "That the said award or agreed settlement be reversed and set aside and for costs and all proper relief." Appellee traversed the allegations of that pleading and also moved the Board to dismiss it, since in legal effect it was but a motion to reopen the award pursuant to the provisions of section 4902 of our present Statutes (being a part of our Compensation Act), and which motion was in effect a demurrer to plaintiffs' petition. The Board sustained that motion and dismissed the application. Whereupon plaintiffs on June 21, 1938, filed their petition against defendant, the Compensation Board and its members, in the Pike circuit court for a review of the order of the Compensation Board in dismissing their petition before it. In their petition in that court they averred substantially the facts alleged by them in the pleading they filed before the Compensation Board. The defendant, Mining Company, demurred to the petition, which the court sustained, and plaintiffs declining to plead further, their petition for a review (filed in the Pike Circuit Court) was dismissed, to reverse which they prosecute this appeal.

Literally construed the pleading styled "Petition for Review" filed by plaintiffs before the Compensation Board sought an increase of the compensation contained

in the agreed and approved award because of the alleged collusive and fraudulent acts charged therein, and for alleged mistakes made, and that they be awarded the amount of that increase, ab initio. It also proceeded upon the theory that the undue and uncollected amount of the award—supplemented by any increase thereof that might be obtained by appellants—survived the death of their supporter, the employee, and that they were entitled to be substituted in his place and to have the right to collect it; but they nowhere asked that they, as their supporter's dependents, be given an independent award to the extent of their dependency, as is provided by section 4893 et seq. of the same Statutes. However, if they had done so they would have failed in their effort, because the death of their decedent occurred more than two years following the injury that produced it, and which was so expressly determined by us in the case of Partusch v. Kaufman-Straus Company, 209 Ky. 345, 272 S. W. 884. In that opinion we discussed every section of our Compensation Act having any possible bearing upon the question, and finally concluded that [page 885]: "Section 4882 makes it plain that the employer's liability is confined to 'death resulting from such injury within two years thereafter,' and this limitation is further strengthened by section 4893, which designates the persons to whom compensation shall be paid 'if death results within two years from an accident for which compensation is payable under this act.'"

So that, howsoever much liberality of construction we might be allowed to employ we cannot assume the authority to *amend* the statute under the cloak of liberal construction in favor of its beneficiaries, and especially is that true when to do so would be directly in conflict with its express terms. Moreover, to do so in this case would require the overruling of the Partusch opinion, which we see no reason for doing. The case therefore, must be considered from the standpoint of an application for the Board to substitute plaintiffs to all the benefits to which their supporter was entitled under the award made to *him* in compensation for the disabilities *he* sustained.

In the Case of Rex Coal Company v. Campbell, 213 Ky. 636, 281 S. W. 1039, we construed section 4902 under which the right of re-opening an award is given, and in our opinion therein we held that the language of

the section forbid any alteration or interference with previously accrued and paid installments of the award as originally made, and that if such an application should be sustained and the award increased the increase would have only a prospective effect for the unexpired period for which compensation is allowed. That conclusion was based upon the language of the section saying: "Review under this section shall be had upon notice to the parties interested and shall not affect the previous order or award as to any sums already paid thereunder." So that, if plaintiffs in this case were entitled to be substituted in the place of their deceased supporter—and to become possessed with all of his rights with reference to the award made to *him*—then they could obtain no other relief by establishing their averments than an increase of future payments throughout the unexpired period for which compensation was allowed to him, which unexpired period as we have seen, in this case was 92 weeks. There is, therefore, left in the case the only remaining question of—Whether or not the weekly awards made to the employee in this case, and which had not accrued and had not been collected by him at the time of his death, survived and became a fund to which his dependents are entitled? There is no question of past due and uncollected installments.

In discussing and disposing of it the reader should be warned that we will confine ourselves to the *exact* narrowed question stated and refrain from considering many cases wherein the question of the surviving of awards made to a *dependent,* who later died, which compensation statutes give to him following the death of his supporter. Many of the cases in the authorities hereinafter referred to deal with that question and indulge in much discussion as to whether unpaid allowances to such deceased *dependents* survive to others who would have been dependents had the one to whom the award was first made not been living at that time; or—as the question was presented in some of the cases—whether or not a joint and independent dependent succeeded to the benefits of an award made in a proceeding to which he was not a party nor a member of a group of dependents who were entitled to share in the original award? The remaining, undue and uncollected awarded weekly payments in this case for the unexpired

term for which it was made, were in no sense allowances *to dependents* of a deceased employee. On the contrary, they were allowed solely to him for the impairment of his power to earn for the benefit of himself and his dependents. Therefore, all such cases as those referred to, and others not bearing on the *exact* question under consideration, will not be referred to, nor do they have any assisting relevancy to the determination of our single question.

Practically all of the law of the country that has been written since the enactment of compensation statutes relating to the question under consideration, as well as kindred ones—such as those above referred to—is contained in annotations in 15 A. L. R. 821; 24 A. L. R. 441; 29 A. L. R. 1426; 51 A. L. R. 1446; 87 A. L. R. 864, and 95 A. L. R. 254. Throughout each and all of them it is pointed out, of course, that the question is primarily governed by the particular statute under consideration, and which is shown to be that survivorship for the benefit of dependents of the character of fund here involved will be decreed only if the statute expressly says so, or if the court can glean therefrom necessarily implied provisions for it to be done; otherwise the undue and uncollected award, made to the employee for disabilities he sustained will be considered as terminated upon his death.

We have searched our statute in vain for any authority, express or necessarily implied, whereby the right of survivorship herein contended for could be upheld. We do find, however, in the latter paragraph of Section 4894 of our Statutes a provision which possibly might be interpreted as providing for survivorship of an award that was originally allowed to *dependents* after the death of the supporter. But if that language could be so construed then it applies solely to such awards made to dependents after death of the supporter, and not to awards made to the latter during his lifetime as compensation for his earning impairments or disabilities. If such interpretation could be given to the paragraph of section 4894 (as indicated might be possible), then the fact that provision was made for the surviving of such awards made to dependents—with all other parts of the statute silent upon the question of survivorship of awards made to the supporter—would

strongly indicate that the legislature did not intend survivorship of the latter class of award.

A typical case sustaining the nonsurvivorship herein contended for is that of Bry-Block Mercantile Company v. Carson, from the Supreme Court of Tennessee, and reported in 154 Tenn. 273, 288 S. W. 726. Its facts were on all fours with those of this case insofar as the question now under consideration was concerned, there being others determined therein which are not involved in this case. During the course of that opinion, the court, on the question at issue, said [page 728]: "Beyond this, however, we are of opinion that Carson's right to receive compensation for 83 additional weeks died with him, and did not survive to anyone. To this effect is the decided weight of authority. Murphy's Case, 224 Mass. 592, 113 N. E. 283; Bartoni's Case, 225 Mass. 349, 114 N. E. 663, L. R. A. 1917E, 765; Duffney v. Morse Lbr. Company, 42 R. I. 260, 107 A. 225, 15 A. L. R. 810; Heiselt Construction Company v. Industrial Commission of Utah, 58 Utah 59, 197 P. 589, 15 A. L. R. 799; Lahoma Oil Company v. State Industrial Commission of Oklahoma, 71 Okl. 160, 175 P. 836, 15 A. L. R. 817; and cases collected in note 15 A. L. R. 821. * * * If the death results from injuries received in the industry, there are special provisions to take care of the employee's dependents. * * * There are a few cases apparently to the contrary mentioned in the note in 15 A. L. R. 821, but, upon investigation, they will be found to rest on peculiar provisions of statutes in those jurisdictions."

Our statute could be easily amended whereby surviving dependents of a deceased employee, who died from the result of the injury more than two years after receiving it, might obtain all future allowed and uncollected awards made to him, for disability compensation. But without such an amendment—and construing the statute as it now exists—there was no alternative for either the Board or the Pike circuit court to do other than to dismiss plaintiffs' application, and petition, and the judgment is affirmed.

The Whole Court sitting.