## Royal Coal Co. et al. v. Arrowood et al.

Jan. 24, 1941.

Howard & Mayo for appellants.

Wheeler & Wheeler for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Reversing.

Clarence Arrowood, an employee of the Royal Coal Company, was injured December 4, 1933. Both the employer and employee had accepted the provisions of the Workmen's Compensation Act, Kentucky Statutes, Section 4880 et seq., and Arrowood's injuries were received in an accident arising out of and in the course of his

employment. After the company had paid compensation to him for several months, a dispute arose between them as to the extent and duration of the employee's disability. On October 27, 1934, Arrowood filed with the Workmen's Compensation Board an application for adjustment of his claim, and proof was heard. On May 7, 1935, an award was made. The Board found that the claimant's average weekly wage was $9, and that he had been totally disabled from the date of the accident until the date of the award. He was awarded compensation at the rate of $5.85 a week, less one week's waiting period, from December 4, 1933, to May 15, 1935, and the employer was given permission to have a physical examination made of the claimant to determine whether or not there had been any change in his condition. This part of the award reads:

"It is ordered that the plaintiff, Clarence Arrowood, recover from the defendant company, compensation at the rate of $5.85 per week from date of his injury, less the seven day waiting period, until May 15th, 1935, at which time he will be at the disposal of defendant company for another examination, if they so desire, to determine if there is any change in his condition to warrant the Board in making any change in his weekly compensation; and if no change is found, the weekly payments as above set out are to continue, but not to exceed the eight years limit, with interest at 6% per annum on all past due installments."

Payments were made under this award until May 2, 1936, when an agreement was reached between Arrowood and his employer whereby Arrowood was to receive compensation at the rate of $5.85 a week for 125 weeks, beginning December 11, 1935, and thereafter compensation at the rate of $2.92 a week, based upon 50 per cent. permanent partial disability to the body as a whole, for 210 weeks. This settlement was approved by the Workmen's Compensation Board, and an attorney's fee of $125 was allowed to the claimant's attorney. An application for a lump sum settlement of all the compensation due in the future was approved by the Board on June 16, 1936, and Arrowood signed a final settlement receipt showing that he had received the sum of $562.12, the amount to which the award of future payments had been commuted, making in all, with weekly

payments already received by him, the total sum of $1,289.62. On February 23, 1938, Arrowood filed a motion before the Board to reopen the case on the ground that his physical condition had changed and that his disability was then total and permanent. On March 15, 1938, the Board sustained the motion and ordered the case reopened for hearing to determine the nature and extent of the claimant's disability. Arrowood died October 10, 1938, before the hearing was held. On October 18, 1938, Beatrice Arrowood, widow of Clarence Arrowood, Stanley Arrowood, his son, and Beatrice Arrowood, as administratrix of the estate of Clarence Arrowood, filed an amended petition before the Workmen's Compensation Board seeking to be made parties to the litigation. The Royal Coal Company filed a special demurrer to the amended petition, and on November 1, 1938, the special demurrer was sustained by the Board. A petition for review was filed in the Johnson circuit court. The order of the Workmen's Compensation Board sustaining defendant's special demurrer was ordered set aside and held for naught, and the cause was remanded to the Board to hear proof upon the questions involved. From that judgment, the defendant has appealed.

The appellees, by their pleading styled "amended petition," sought to be substituted for Clarence Arrowood in the proceeding pending before the Workmen's Compensation Board at the time of his death, to increase the compensation contained in the agreed and approved award because of the alleged changed condition of Clarence Arrowood at the time his motion to reopen the case was filed, to recover compensation as his dependents and to recover any compensation that might be due the estate of the deceased from the time of the injury to the date of his death on account of any increase thereof that might be obtained. The widow and child of Arrowood cannot recover compensation as his dependents, since his death occurred nearly five years after the accident for which compensation was payable. Dependents of an injured employee are not entitled to compensation during the employee's life, and if he dies from injuries received in a compensable accident his death must occur within two years after the accident to entitle his dependents to compensation. Section 4893, Kentucky Statutes; Harrison v. Tierney Mining Com-

pany, 276 Ky. 637, 124 S. W. (2d) 757; Partusch v. Kaufman-Straus Company, 209 Ky. 345, 272 S. W. 884. Where an injured employee dies more than two years after the accident, his right to receive weekly payments of compensation due in the future dies with him and does not survive to his dependents. In Harrison v. Tierney Mining Company, supra, [276 Ky. 637, 124 S. W. (2d) 759] we said:

"We have searched our statute in vain for any authority, express or necessarily implied, whereby the right of survivorship herein contended for could be upheld. We do find, however, in the latter paragraph of Section 4894 of our Statutes a provision which possibly might be interpreted as providing for survivorship of an award that was originally allowed to dependents after the death of the supporter. But if that language could be so construed then it applies solely to such awards made to dependents after death of the supporter, and not to awards made to the latter during his lifetime as compensation for his earning impairments or disabilities. If such interpretation could be given to the paragraph of Section 4894 (as indicated might be possible), then the fact that provision was made for the surviving of such awards made to dependents—with all other parts of the statute silent upon the question of survivorship of awards made to the supporter—would strongly indicate that the legislature did not intend survivorship of the latter class of award."

In the present case, if the Board had, during Arrowood's lifetime, sustained his application to increase the award, the increase could not have been given a retroactive effect, but would have become effective as of the date of the application to reopen the case. Rex Coal Company v. Campbell, 213 Ky. 636, 281 S. W. 1039. The largest increase that could have been made for total permanent disability was $2.92 a week, and less than $100 would have accrued prior to Arrowood's death on October 10, 1938. Under the lump sum settlement the employer had paid him compensation, due subsequent to February 23, 1938, the date his motion to reopen the case was filed, far in excess of that amount, and, in no event, could there have been any compensation due his estate for his administratrix to collect.

The Workmen's Compensation Board correctly sustained the special demurrer to the amended petition, and the judgment of the circuit court is reversed, with directions to dismiss the petition for review.