## Thomas et al. v. Crummies Creek Coal Co.

April 18, 1944.

Astor Hogg for appellants.
James Sampson for appellee.

Opinion of the Court by Van Sant, Commissioner —Affirming.

Park Thomas, while working under the provisions of the Workmen's Compensation Act in the employ of appellee, was injured May 10, 1940. He filed application for compensation on October 6, 1942, and an award was entered by the Board allowing him the maximum compensation for permanent and total disability. Regular payments were made under the award until the employee's death November 9, 1942, which of course was more than two years after the injuries were sustained. At that time the Workmen's Compensation Act did not provide that the unpaid benefits of an award survived the injured employee; on the contrary, the established law in this jurisdiction was to the effect that they did not. Partusch v. Kaufman-Straus Company et al., 209 Ky. 345, 272 S. W. 884; Harrison v. Tierney Mining Company, 276 Ky. 637, 124 S. W. (2d) 757. The General Assembly, in its Regular Session in the year 1942, amended the Compensation Act to provide: "When an employee, who has been awarded disability compensation by the Workmen's Compensation Board, shall die as a result of such injury prior to the payment to him of the amount of the award, then the dependents of the deceased employee shall be allowed and paid all allowed and unpaid awards made to such employee. * * * " Acts 1942, c. 94, Sec. 2.

The amendment went into effect June 1, 1942, over two years after the date of the injury, approximately four months before the award was made, and approximately five months before Thomas's death. Although it has no effect upon the decision of the case, it is not remiss to say that the injured workman was regularly paid the maximum compensation at all times after the injury until his death. On November 21, 1942, the appellants, who were dependents of the deceased, filed their application before the Kentucky Workmen's Compensation Board for an adjustment of the claim, wherein they asserted that they were entitled to be allowed, and, to receive, the unpaid amount of the award allowed to their decedent, subject to certain limitations provided by the amended Statute. The Referee found that the amendment to the Statute was not applicable to the case, conceiving the rights of the parties to have been fixed under the law as it existed on the date of the injury.

The decision of the Referee was approved by the Board, and affirmed on appeal to the Circuit Court.

On the date of the injury, Section 4882. of Carroll's Kentucky Statutes, 1936 Edition, was in effect, and provided as follows: "Whereas, at the time of the injury both employer and employee have elected to furnish or accept compensation under the provisions of this act for a personal injury, received by an employee by accident and arising out of and in the course of his employment, or for death resulting from such injury, within two years thereafter, the employer shall be liable to provide and pay compensation under the provisions of this act and shall be released from all other liability whatsoever; * * *."

The rights of the parties in respect to compensation for injuries became fixed and vested on the date of the injury. Those rights were controlled by the law in existence at that time, and the acceptance by the employer and employee of the provisions of the Workmen's Compensation Act was merely a contract between the employer and employee, whereby the former agreed to pay the latter compensation for injuries in accordance with the provisions of the Act in effect at the time the injury occurred. The Workmen's Compensation law contemplates the procurement of insurance by the employer, to indemnify him in respect to his liability under the Act, although provision is made that an employer may carry his own insurance by meeting certain requirements in respect to financial stability. If the employer carries insurance, as is contemplated by the Act, the rates he must pay as premiums upon his employees are fixed in accordance with the liability imposed upon the employer by the provisions of the Act. If the amount for which the employer becomes liable under the Act is increased, premiums for insurance may be reasonably increased; and, since the Act is not compulsory (and would be unconstitutional if it were, Kentucky State Journal v. Workmen's Compensation Board, 161 Ky. 562, 170 S. W. 437, 1166, L. R. A. 1916A, 389, Ann. Cas. 1916B, 1273), the acceptance of the provisions of the Act as controlling the rights of the parties becomes a contract between the employer and the employee. Neither the employer nor the employee was required to accept the provisions of the Act, as regulating the compensation to be paid upon injuries being sus-

tained by an employee. That being true, neither of them would be required to accept the provisions of the Act when amended, although they might have accepted the provisions of the Act prior to the amendment; and, since the provisions of the Act must have been accepted by the employer, as well as the employee, before liability could arise under the Act, the employer cannot be held to have accepted the provisions of the amendment until he has expressed his willings to do so upon or after its effective date. That being true, he cannot be held for a liability imposed by the amendment as a result of injuries received previous to his opportunity to reject the provisions imposing the liability. Wherefore, the question resolves itself into whether the amendment imposes an additional liability upon the employer that was not imposed by the Act prior to the amendment.

It is argued by appellants that the amendment affects only the remedy, and not the substantial liability of the employer. But this argument is refuted by the very contention in support of which it is made, that contention being: that appellants are entitled to compensation by reason of the amendment, although it is admitted that, had the amendment not been enacted, they would not have been entitled thereto. The amendment, therefore, substantially extends the scope of the liability of the employer, and is not merely remedial in its nature. The mere fact that the decision (award of the Board) concerning the respective rights of the employer and employee was made after the effective date of the amendment, does not extend the benefits of the decision to those who were not entitled to its benefits at the time the rights of the parties became vested, viz., May 10, 1940.

Wherefore, the judgment is affirmed.