### COLLIER et al. v. HOPE COAL CO.

Court of Appeals of Kentucky.

June 18, 1954.

Josephine Hughett, Louisville, for appellants.

Craft & Stanfill, Hazard, for appellee.

MILLIKEN, Justice.

Mark E. Collier, Sr., who was an employee of Hope Coal Company, appellee, sustained injuries arising out of and in the course of his employment on December 9, 1945, and received an award of $7,500 from the Workmen's Compensation Board as compensation for his injuries. He died on March 19, 1948, after a total of $2,880 had been paid to him on the award. The appellants, Mr. Collier's widow and son, filed an Application for Adjustment of Claim with the Workmen's Compensation Board as they were entitled to do under the statute, KRS 342.111, which states in part:

"When an employe, who has been awarded disability compensation by the Workmen's Compensation Board, shall die as a result of such injury prior to the payment to him of the amount of the award, then the dependents of the deceased employe shall be allowed and paid all allowed and unpaid awards made to such employe. * * *"

Further, Subsection 2 provides:

"The total amount paid and payable to the decedent and his dependents shall not exceed the amount now payable for death at the average weekly wage of the decedent at the time of his injury * * *."

Thus, under this statute the dependents, appellants, are entitled to the sum payable for death less the amount previously paid.

The Workmen's Compensation Board awarded the dependents $4,620—which was the difference between $7,500, the amount of the original award, and $2,888, the amount of the previous payments. However, the statutory amount payable for death was never $7,500, but was only $4,800 at the time of the injury, and was $6,000 at the time of the death on account of an amendment to KRS 342.070 which occurred between the date of the injury and the death.

The Letcher Circuit Court held that the Compensation Board had erred, and that $4,800 (the amount payable for death at the time of the injury) was the maximum compensation which the dependents were entitled to recover, that this sum less the $2,880 previously paid, which left a balance of $1,920, was the amount to which the dependents were entitled. The dependents appealed this judgment, alleging that they were entitled to the difference between $2,880 and $6,000 (the amount payable for death at the time of the death), which amounted to $3,120.

Thus, the sole question for determination by this court is whether the amount payable for death should be computed by the terms of the statutory provision in effect at the time of the injury or the amended statute in effect at the time of the death.

At the time of our decision in Thomas v. Crummies Creek Coal Co., 297 Ky. 210, 179 S.W.2d 882, 883, KRS 342.111 was in effect, but it had been enacted after the employee's injury although before his death. An award to the dependents was not allowed, in that case the court saying:

"The rights of the parties in respect to compensation for injuries became fixed and vested on the date of the injury. Those rights were controlled by the law in existence at that time, and the acceptance by the employer and employee of the provisions of the Workmen's Compensation Act was merely a contract between the employer and employee, whereby the former agreed to pay the latter compensation for injuries in accordance with the provisions of the Act in effect at the time the injury occurred. * * *

"It is argued by appellants that the amendment affects only the remedy, and not the substantial liability of the employer. But this argument is refuted by the very contention in support of which it is made, that contention being: that appellants are entitled to compensation by reason of the amendment, although it is admitted that, had the amendment not been enacted, they would not have been entitled thereto. The amendment, therefore, substantially extends the scope of the liability of the employer, and is not merely remedial in its nature."

Under the reasoning of the Crummies Creek case, therefore, the dependents are not entitled to an award in accordance with the amended statute if the amendment affects the substantial liability of the employer. On the other hand, the opinion suggests that a different result would ensue if the change were considered merely remedial. Increasing the amount allowable to the surviving dependents, although in theory affecting the remedy rather than the basis for relief, undoubtedly affects the substantial liability of the employer, i. e.,

increasing the quantum for which he is liable by $1,200 is substantial. The reasoning concerning the increased premiums is as applicable here as it was in the Crummies Creek case.

It is our conclusion that KRS 342.111 was not intended to alter the employer's initial liability for an award of compensation, but rather to see to it that the employer would not be relieved of payments to the dependents in case the injured employee died before all of the award had been paid to him. In fact, the statute was enacted to correct a defect in the Workmen's Compensation Act which was brought into sharp focus by our opinion in Harrison v. Tierney Mining Company, 276 Ky. 637, 124 S.W.2d 757, holding that the dependents of an injured employee could not recover undue and unpaid weekly compensation installments after the employee's death—that the right to such weekly payments did not survive his death. As a consequence, it naturally follows that any increase in the amount allowed by the statute for death was not intended to apply retroactively.

The judgment is affirmed.