**John W. YOUNG, Commissioner of Labor of the Commonwealth of Kentucky, etc., et al., Appellants,**

**v.**

**Dora BENTLEY, etc., et al., Appellees.**

Court of Appeals of Kentucky.

Jan. 23, 1970.

Martin Glazer and Thomas R. Emerson, Dept. of Labor, Frankfort, for Department of Labor.

Fred G. Francis, Howard, Francis & Howard, Prestonsburg, for Turner Elkhorn Mining Co. and Moore Standard Coal Co.

Woodrow W. Burchett, Prestonsburg, J. Keller Whitaker, Workmen's Compensation Bd., Frankfort, for Dora Bentley.

REED, Judge.

The question presented in this appeal is whether the death of an employee who is disabled by a compensable cause under our workmen's compensation law, occurring after the filing of his claim for compensation benefits before the Workmen's Compensation Board but before an award in his favor has been made, extinguishes his right to compensation for disability preceding his demise in those instances where death is caused from a non-work-connected and noncompensable cause.

For purposes of the disposition of this appeal, it should be stated at the outset that there are no real factual issues. The single legal issue is presented by the briefs.

Charles Bentley, a coal miner, filed a timely claim with the Workmen's Compensation Board for total and permanent disability resulting from the occupational disease of silicosis. Bentley last worked for his employer on September 15, 1962. He had worked for the same employer since April of 1961. His claim was filed in June of 1967. While the claim was in process

of adjudication by the Board and the parties were taking proof, Bentley died on October 31, 1967. The cause of his death was from a disease which was neither work-connected nor covered by the compensation act.

Shortly after his death his widow moved the Board to substitute her as plaintiff in the action and allow her to prosecute the claim to a conclusion. No objection was made by the employer or the Special Fund. Her motion was sustained and the claim proceeded in adjudication after Bentley's death. It culminated in an award entered by the Board on September 23, 1968, almost one year after Bentley's death.

The Board found that Bentley was totally and permanently disabled as a result of an occupational disease from September 15, 1962, the date when he ceased work, to October 31, 1967, the date of his death. The Special Fund was directed to make payment of the weekly compensation benefits for this period, and Bentley's employer was directed to pay medical expenses within the statutory limits for the treatment of Bentley's occupational disease during the period of his disability. The Special Fund and the employer appealed the Board's award to the circuit court. The circuit court upheld the Board's award and we affirm the judgment of the circuit court.

The Special Fund and the employer, in this appeal from the circuit court's judgment, argue that the various relevant sections of our compensation act require the conclusion that where an employee dies from a noncompensable cause prior to the entry of an award in his favor, his death extinguishes his right to compensation; therefore, their argument results in the assertion that the employer and the Special Fund are free from any responsibility to pay compensation for the period of disability suffered by the employee prior to his death.

The appellants confine their discussion to the Workmen's Compensation Act.

(KRS Chapter 342). KRS 342.015(1) provides in substance that an employee who is disabled by traumatic personal injury *or* dies resulting from such injury within two years thereafter is entitled to compensation. This section also provides that an employee who is disabled *or* dies by reason of an occupational disease is entitled to compensation. KRS 342.070 provides in substance that if a covered employee dies within two years from the date of an accident for which compensation is payable or dies from an occupational disease, the employer shall pay the burial expenses of the deceased employee up to a maximum limit specified and the payment is to be made "to the person entitled to compensation, or, if none, to the personal representative of the deceased employee." It additionally provides that the employer shall also pay compensation to defendants of the deceased employee.

KRS 342.111 applies to the situation where an employee in whose favor an award for compensation has been made thereafter dies as the result of the injury or occupational disease for which compensation was awarded prior to the payment of the amount of an award, in which event this statute directs that the dependents of the deceased employee are entitled to collect all allowed and unpaid awards made to the employee.

In Harrison v. Tierney Mining Company, 276 Ky. 637, 124 S.W.2d 757, the employee was receiving periodic payments under an approved agreement which was equivalent in legal effect to an award. He died as a result of the injuries for which compensation was allowed nearly five years after receiving the injuries. The court held in that case that there was no unpaid and uncollected amount of compensation due the employee at the time of his death. Therefore, there was nothing for the plaintiffs, his widow and his surviving infant son who sought to revive the action, to recover. They could not recover as dependents in the form of an independent award since death occurred from the com-

pensable injury for which compensation had been awarded after more than two years from the date of the injury.

In Royal Coal Co. v. Arrowood, 285 Ky. 225, 147 S.W.2d 386, the court held in essence that where an injured employee died more than two years after the accident, the widow and child of the worker could not recover compensation as his dependents since his death occurred nearly five years after the accident for which compensation was payable. It was pointed out in Arrowood that dependents of an injured employee are not entitled to compensation during the employee's lifetime and if his death results from injuries received in a compensable accident, the death must occur within two years after the accident to entitle his dependents to compensation. In Arrowood, there was a motion to reopen by the employee to increase compensation pending, but the employee died prior to the determination of the motion to reopen. The court pointed out that if the motion to reopen had been sustained and the award increased, under the facts of that case there would still be nothing due at the time of the employee's death because the amount of compensation which had been paid him under an approved lump-sum settlement exceeded any possible permissible increase. Implicit in the holding is the determination that so far as the employee, himself, was concerned, his death terminated his disability.

The case now before us, however, differs materially. In the instant case, death was due to a non-work-connected cause. Bentley's right to compensation originated under the statute during his lifetime and had become fixed at the time of his death and was completely uncollected and unpaid. There was no attempt to fasten liability for any period of disability occurring after the date of death. There was no attempt to compensate Bentley's dependents as such. The only effect of adjudication was to require payment for disability for which Bentley was entitled to be compensated during the period of his lifetime.

Our compensation law is silent concerning the factual situation presented here. Nevertheless, the general statute, KRS 411.140, concerning the revival of actions does provide that no right of action for personal injury shall cease or die with the person injured except in certain specified instances. The instance presented here is not an excepted instance in that statute.

In Brewer v. Caudill, Ky., 314 S.W.2d 550, we held that compensation after death from a compensable injury to dependents of the compensated or qualified decedent is limited by our workmen's compensation law. We pointed out, moreover, that the compensation law was in that instance again silent as to what should be done with accrued compensation payments upon the death of a compensated employee who had no dependents. It was held that such installments were assets of the decedent's estate. KRS 342.180, which provides that no claim for compensation under the act is assignable and that payments of compensation benefits shall be free from creditors' claims, did not prevent recovery of the accrued compensation by an administrator. The payments are characterized as free from creditors' claims but this, in itself, does not preclude the proceeds from being considered as estate assets.

We believe the case of Davis v. City of Manchester, 100 N.H. 335, 126 A.2d 254, is well reasoned and sustains our conclusion that the death of the employee in an instance such as is here presented does not extinguish his right to compensation for disability preceding his death. In the Davis case the employee died while his claim was pending but prior to the entry of an award. He died from a non-work-connected cause. New Hampshire had a nonassignability statute substantially similar to ours. It also had a general statute providing for the revival of actions substantially similar to KRS 411.140. It was held that Davis' right to compensation originated under the statute during his lifetime and had become fixed at the time of his death. Since there was nothing in the workmen's

compensation section of the New Hampshire law providing to the contrary, it was determined that his death from a non-work-connected cause should not defeat the right to compensation due and unpaid at the time of his death. It was recoverable as an asset of his estate. The question of dependency is not actually involved.

It appears that Bentley's widow was allowed to revive this action without objection. Her lack of capacity to recover assets of her husband's estate has never been questioned. The single issue presented to the trial court that is expressed as the question to be determined on this appeal is whether Bentley's claim was extinguished by his death. It was not.

The judgment is affirmed.

All concur.