**Madonna TRIMBLE, Appellant,**

*v.*

**UNITED FUEL GAS COMPANY et al., Appellees.**

Court of Appeals of Kentucky.

May 26, 1972.

Harry R. Stamper, Kelsey E. Friend Law Firm, Pikeville, for appellant.

Jack T. Page, Pikeville, Gemma M. Harding, Dept. of Labor, Frankfort, for appellees.

CATINNA, Commissioner.

On April 24, 1967, Harry Trimble, while employed by the United Fuel Gas Company, was injured when a gas line ruptured. He filed an application for compensation, and an award was entered by the Workmen's Compensation Board allowing him certain benefits. Regular payments were made under the award until his death on May 29, 1971, from causes unrelated to his work-connected disability.

On August 13, 1971, the appellant, Madonna Trimble, widow of Harry Trimble, filed application under KRS 342.111 for the remaining portion of the award which would have been payable to her husband had he lived.

Between the time of Harry Trimble's injury and death, KRS 342.111 was amended. On April 24, 1967, the date of his injury, this section read in part as follows:

"(1)   When an employe, who has been awarded disability compensation by the workmen's compensation board, shall die as a result of such injury or occupational disease prior to the payment to him of the amount of the award, then the dependents of the deceased employe shall be allowed and paid all allowed and unpaid awards made to such employe.  *  *  *."

In 1970 the Legislature amended this section of the statute to read:

"(1)   When an employe who has been awarded disability compensation by the Workmen's Compensation Board, shall die *from any cause whether or not related to the injury or occupational disease*, prior to the payment to him of the amount of the award, then the dependents of the deceased employe shall be allowed and paid all allowed and unpaid awards made to such employe.  *  *  *."

Thus, on May 29, 1971, the date of Trimble's death, this section of the statute, as amended, was in effect.

On August 23, 1971, the Workmen's Compensation Board entered an award without a formal hearing, granting Madonna Trimble the benefits she sought under KRS 342.111.

On appeal the Pike Circuit Court reversed the Board on the ground that the date of injury, not the date of death, controls awards accruing under KRS 342.111.

The sole question for determination by this court is whether awards to dependents of deceased employees under KRS 342.111 are controlled by the terms of the statutory provision in effect at the time of the injury or at the time of death.

**660**

The question of controlling dates was considered in Thomas v. Crummies Creek Coal Company, 297 Ky. 210, 179 S.W.2d 882. Here KRS 342.111 was in effect. It had been enacted after the employee's injury, but before his death. An award to the dependents was not allowed. The court said:

"The rights of the parties in respect to compensation for injuries became fixed and vested on the date of the injury. Those rights were controlled by the law in existence at that time, and the acceptance by the employer and employee of the provisions of the Workmen's Compensation Act was merely a contract between the employer and employee, whereby the former agreed to pay the latter compensation for injuries in accordance with the provisions of the Act in effect at the time the injury occurred. * * *."

* * * * * *

"It is argued by appellants that the amendment affects only the remedy, and not the substantial liability of the employer. But this argument is refuted by the very contention in support of which it is made, that contention being: that appellants are entitled to compensation by reason of the amendment, although it is admitted that, had the amendment not been enacted, they would not have been entitled thereto. The amendment, therefore, substantially extends the scope of the liability of the employer, and is not merely remedial in its nature. * * *."

See also Collier v. Hope Coal Company, Ky., 269 S.W.2d 278.

■ Under the rule as adopted in Thomas, the widow and dependents of Harry Trimble are not entitled to an award in accordance with KRS 342.111, as amended in 1970, since the amended statute affects the substantial liability of the employer.

The judgment is affirmed.

All concur.