**George R. WAGONER, Acting Commissioner, etc., Appellant,**

v.

**BLAIR FORK COAL COMPANY et al., Appellees.**

Supreme Court of Kentucky.

March 5, 1976.

---

**251**

William F. Gadd, Atty. for Sp. Fund, Dept. of Labor, Frankfort, for appellant.

Denver Adams, Hyden, Maxwell P. Barrett, Hazard, for appellees.

LUKOWSKY, Justice.

This is an appeal from a judgment of the Perry Circuit Court which set aside a decision of the Workmen's Compensation Board denying relief to the appellee, widow, and remanding the case to the Board for the taking of further proof and subsequent decision. We affirm.

On February 22, 1971 Joe Deaton was awarded 50% permanent partial disability benefits by reason of being affected with the occupational disease of pneumoconiosis and/or silicosis. The award was retroactive to August 13, 1969.

On November 12, 1973 the appellee, Grace Deaton, filed a motion with the Board alleging that Joe Deaton died on October 29, 1973 and that she was his dependent widow. The motion requested that she be paid the remainder of the award.

On December 3, 1973 the Board entered an order sustaining the motion, "to the extent that this case is ordered *set for hearing* before a hearing officer *on the issue of dependency.*"

On January 7, 1974 the Board mailed a notice of hearing to all parties. The notice stated the time and place of the hearing, the identity of the hearing officer and contained the following language in capital letters, *"To be heard on the question of dependency."*

The assigned hearing was held and proof was offered by the appellee, widow, on the prescribed issue. On March 18, 1974 the Board submitted the cause for opinion and judgment.

On May 6, 1974 the Board entered an opinion and order overruling the motion of the appellee, widow, on the ground that "Joe Deaton's death was a result of a heart attack and was not work-related."

Judicial review in the Perry Circuit Court reached the result previously stated.

Awards to dependents of deceased employees under KRS 342.111 are controlled by the terms of the statute in effect at the time of injury rather than at the time of death. *Trimble v. United Fuel Gas Company,* Ky., 481 S.W.2d 658 (1972). Prior to the 1970 amendment the pertinent part of the statute read as follows:

"(1) When an employe, who has been awarded disability compensation by the workmen's compensation board, *shall die as a result of such injury or occupational disease* prior to the payment to him of the amount of the award, then *the dependents* of the deceased employe shall be allowed and paid all allowed and un-

**252**

paid awards made to such employe . . . "

It is now as obvious as "Pinocchio's nose" that the case involved at least two issues or questions, i. e. the causal relationship between the death and the occupational disease, and dependency. The Board ordered trial of the latter but overruled the motion on the basis of the former. This is tantamount to a trial judge assigning a negligence case for trial on the issue of liability and dismissing the case at the close of the plaintiff's proof on the ground that he failed to prove damages.

■ Such a cavalier approach to the adjudicatory function can not be tolerated. In the exercise of every power emanating from the people there enters the constitutional command of due process and fair play. Administrative boards must execute the law committed to them fairly and honestly and treat everyone alike according to the standards and rules of action prescribed. Where there is a failure in this respect and it extends beyond the rudimentary requirements of fair play, it enters the realm of unreasonable and arbitrary action, from which the courts will save the citizen affected by it. Trial by misdirection is a ruse of the tyrant and may not be employed by an agency of the Commonwealth of Kentucky.

The appellee, widow, is entitled to an opportunity to prove a causal relationship between the death and the occupational disease, since it may not be said categorically that there can be no relationship between respiratory disease and death from coronary insufficiency. See, *Young v. Holbrook*, Ky., 472 S.W.2d 473 (1971).

The judgment is affirmed.

All concur.