RENDERED:  DECEMBER 11, 2020; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0716-WC

ECLIPSE COLLIERIES, INC.                                         APPELLANT

PETITION FOR REVIEW OF A DECISION
v.                   OF THE WORKERS' COMPENSATION BOARD
ACTION NOS. WC-17-72455 AND WC-17-79404

JOEY TACKETT; HONORABLE GRANT ROARK,
ADMINISTRATIVE LAW JUDGE; AND
KENTUCKY WORKERS' COMPENSATION BOARD              APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  LAMBERT, MAZE, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE:  Eclipse Collieries, Inc. appeals from an opinion of the

Kentucky Workers' Compensation Board (hereinafter referred to as Board) which

affirmed an order of an administrative law judge (hereinafter referred to as ALJ).

The ALJ awarded Joey Tackett permanent partial disability benefits.  The only

issue on appeal is the interest rate to be applied to that benefit award.  We believe the ALJ and Board did not err; therefore, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

Mr. Tackett filed a workers' compensation claim on March 19, 2019, alleging he injured his right shoulder on May 23, 2017.  Mr. Tackett filed a second claim on the same day alleging that he injured his low back and right leg on July 26, 2017.  On January 13, 2020, the ALJ found that Mr. Tackett sustained a right shoulder injury as alleged, but did not sustain a lower back and leg injury.  The ALJ awarded Mr. Tackett a disability award and determined the applicable interest rate was "12% on all past due amounts up to June 28, 2017 and at 6% on all past due amounts from June 29, 2017 up to the present."

Eclipse filed a petition for reconsideration and requested that the ALJ amend the interest rate to 6% on all unpaid benefits.  The ALJ denied the petition.  Eclipse then appealed to the Board and made the same argument, but the Board affirmed the order of the ALJ.  This appeal followed.

## ANALYSIS

"The function of further review of the [Board] in the Court of Appeals is to correct the Board only where [the] Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice."  *Western Baptist*

*Hosp. v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992). The issue on appeal concerns the interpretation of Kentucky Revised Statutes (KRS) 342.040(1), which provides for the interest rate to be used when awarding disability benefits. Prior to June 29, 2017, the statute provided for a 12% per annum interest rate. On June 29, 2017, a new version of the statute became effective which provided for a 6% per annum interest rate. That 6% interest rate is still in effect today. As the proper interpretation of a statute is purely a legal issue, our review is *de novo*. *Commonwealth v. Long*, 118 S.W.3d 178, 181 (Ky. App. 2003).

Cited by the parties and the Board are four cases from this Court which examine this issue. Unfortunately, all are unpublished and the cases rule in different ways. In *Parton Brothers Contracting, Inc. v. Lawson*, No. 2018-CA-000804-WC, 2019 WL 6048189 (Ky. App. Nov. 15, 2019), and *Warrior Coal, LLC v. Martin*, No. 2018-CA-001430-WC, 2020 WL 114604 (Ky. App. Jan. 10, 2020), previous panels of this Court held that the 2017 version of KRS 342.040 was retroactive; therefore, the new 6% interest rate applied to the entire benefit award, even those portions which occurred before the 2017 effective date. In *Excel Mining, LLC v. Maynard*, No. 2018-CA-000511-WC, 2018 WL 4377691 (Ky. App. Sept. 14, 2018), and *Slater Fore Consulting, Inc. v. Rife*, No. 2018-CA-000647-WC, 2019 WL 2560526 (Ky. App. Jun. 21, 2019), the Court held that the 2017 version of KRS 342.040 was not retroactive.

All four cases have one thing in common – they discuss whether KRS 342.040 is retroactive. This is because 2017 House Bill 223, which effectuated the 2017 amendment of KRS 342.040, has a section which states that the KRS 342.040 amendments "shall apply to all worker's compensation orders entered or settlements approved on or after the effective date of this Act." 2017 KY. ACTS Ch. 17 (HB 223), §5. The section was not codified into the actual statute; however, it was noted by the Legislative Research Commission in a note at the end of the statute. Appellant claims that this language makes the 2017 version of the statute retroactive and the 6% interest rate should apply to the entire benefit award. Mr. Tackett argues that this language does not make the 2017 statute retroactive; therefore, he is entitled to 12% interest up until the 2017 statute effective date.

*Parton Brothers* and *Warrior Coal* both held that this language, while not codified into the statute, was express language which indicated the General Assembly's intent that the new interest rate apply retroactively and be applied in all workers' compensation orders and settlements approved on or after the effective date. *Parton Bros.*, 2019 WL 6048189, at *3; *Warrior Coal*, 2020 WL 114604, at *4. On the other hand, *Excel Mining* and *Slater Fore* both held that this uncodified language was insufficient to make the 2017 interest rate apply retroactively because it was not a part of the actual statute. *Excel Mining*, 2018 WL 4377691, at *2; *Slater Fore*, 2019 WL 2560526, at *2.

-4-

We believe the difference in these two sets of holdings revolves around the case of *Holcim v. Swinford*, 581 S.W.3d 37 (Ky. 2019).  In *Holcim*, the Kentucky Supreme Court held that a newly amended statute, KRS 342.730(4), applied retroactively to all claims that had not been fully and completely adjudicated.  KRS 342.730(4) states:

> All income benefits payable pursuant to this chapter shall terminate as of the date upon which the employee reaches the age of seventy (70), or four (4) years after the employee's injury or last exposure, whichever last occurs.  In like manner all income benefits payable pursuant to this chapter to spouses and dependents shall terminate as of the date upon which the employee would have reached age seventy (70) or four (4) years after the employee's date of injury or date of last exposure, whichever last occurs.

There is nothing codified in KRS 342.730 that held this new section was to apply retroactively; however, the retroactivity was part of the original 2018 House Bill 2, which enacted the new version, and was discussed in a Legislative Research Commission note at the end of the statute.  According to the Legislative Research Commission note, KRS 342.730(4)

> shall apply prospectively and retroactively to all claims:
> (a) For which the date of injury or date of last exposure
> occurred on or after December 12, 1996; and (b) That
> have not been fully and finally adjudicated, or are in the
> appellate process, or for which time to file an appeal has
> not lapsed, as of the effective date of this Act.

*Id.*, Legislative Research Commission Note (Jul. 14, 2018) (quotation marks omitted).

The Court in *Holcim* held that because the Legislative Research Commission note at the end of the statute referenced 2018 House Bill 2 and the retroactivity portion, this was sufficient to show that the General Assembly made a definitive declaration concerning retroactivity. *Holcim*, 581 S.W.3d at 44. *Excel Mining* and *Slater Fore* were rendered before *Holcim*. *Parton Brothers* and *Warrior Coal* were rendered after *Holcim* and rely on its outcome. It is clear that *Holcim* had an effect on the two cases that came after it.

There is another factor that complicates matters in this case. While Mr. Tackett may have been injured in 2017, he did not file his workers' compensation claim in this case until 2019. The 2017 version of the statute is not the most current version. The statute was also amended in 2018 by 2018 House Bill 2, but that amendment did not alter the 6% interest rate as it pertains to this case.[1] Uncodified in that statute, but discussed in 2018 House Bill 2 and a note by the Legislative Research Commission, is language that states the new version of KRS 342.040 "shall apply to any claim arising from an injury or occupational disease or last exposure to the hazards of an occupational disease or cumulative

---

[1] The 2018 version of KRS 342.040 added language which indicated an employee would get no interest if he or she caused a delay in the distribution of benefits.

trauma occurring on or after the effective date of this Act." KRS 342.040, Legislative Research Commission Note (Jul. 14, 2018) (quotation marks omitted). In addition, 2018 House Bill 2 goes on to list which parts of other amended statutes listed in 2018 House Bill 2 apply retroactively. KRS 342.040 was not among those listed as applying retroactively. 2017 House Bill 223 did not have a separate section that listed the amended statutes that apply retroactively.

Looking at the 2017 and 2018 versions of KRS 342.040, as well as *Holcim* and the four unpublished cases discussed above, we must now determine what interest rate Mr. Tackett is entitled to.

> It is well settled that "[w]orkers' compensation is a creature of statute, and the remedies and procedures described therein are exclusive." *Williams v. Eastern Coal Corp*., 952 S.W.2d 696, 698 (Ky. 1997). It is also well settled that "[t]he rights of the parties in respect to compensation for injuries [become] fixed and vested on the date of the injury. Those rights [are] controlled by the law in existence at that time[.]" *Thomas v. Crummies Creek Coal Co*., 297 Ky. 210, 179 S.W.2d 882, 883 (1944).

*Schmidt v. South Cent. Bell*, 340 S.W.3d 591, 594 (Ky. App. 2011). In addition, "we recognize that '[n]o statute shall be construed to be retroactive, unless expressly so declared.' KRS 446.080(3)." *Id.* at 595.

We believe the Board was correct in its analysis and conclude that Mr. Tackett is entitled to 12% interest on all past due amounts up to June 28, 2017, and 6% interest on all past due amounts from June 29, 2017, to present. When ruling

-7-

on this issue, the Board stated that neither 2017 House Bill 223 nor 2018 House Bill 2 had retroactive language regarding interest rates. Specifically, the Board stated:

> [2018] House Bill 2 is devoid of language suggesting the 2017 change in interest rate to 6% applied to unpaid income benefits due on or before June 28, 2017. The 2017 legislature drew a line of demarcation by decreeing the change in the interest rate applied prospectively to all awards rendered or settlements approved on or after June 29, 2017, since it inserted no language in [2017] House Bill 223 referencing retroactive application. The legislature did not decree the 2017 amendment to KRS 342.040(1) had retroactive application as it did in other portions of the 2018 amendments to Chapter 342. Consequently, Section 5[2] of [2017] House Bill 223 cannot be construed as requiring retroactive application to the amended 6% interest rate on unpaid income benefits due on or before June 28, 2017, since unlike [2018] House Bill 2, it contains no retroactive language.

We agree. The 2017 and 2018 versions of KRS 342.040 do not state that they apply retroactively. This is unlike the uncodified language of KRS 342.730 discussed by the Legislative Research Commission and *Holcim*. The legislature specifically stated that KRS 342.730 was to apply prospectively and retroactively. The language at issue here, that the new interest rate will apply "to all worker's compensation orders entered or settlements approved on or after the

---

[2] This is the section of 2017 House Bill 223 which stated the new interest rate would apply to all workers' compensation orders or settlements entered on or after the effective date of the amended statute.

-8-

effective date of this Act[,]" does not indicate retroactivity. 2017 Ky. Acts Ch. 17 (HB 223), §5.

Furthermore, because of how interest is calculated in workers' compensation cases, the new 6% interest rate cannot apply to amounts owed before the 2017 amendment. As stated previously, the right to compensation becomes fixed on the day of injury. *Schmidt*, 340 S.W.3d at 594. This means that workers' compensation benefits are due at the time of injury, KRS 342.316(5)(b), and interest is owed from the time the payments are due until paid. KRS 342.040(1). It is the date of the injury, not the date of the workers' compensation judgment or award, that determines when benefit payments are to begin and interest begins to accrue. *Stovall v. Couch*, 658 S.W.2d 437, 438 (Ky. App. 1983); *Campbell v. Young*, 478 S.W.2d 712, 713 (Ky. 1972).

## CONCLUSION

We agree with the Board that neither the 2017 nor 2018 version of KRS 342.040 has retroactive application regarding the interest rate. "[T]he law in effect on the date of the injury . . . is the law that fixes the rights of the claimant[.]" *Maggard v. International Harvester Co.*, 508 S.W.2d 777, 783 (Ky. 1974), *superseded by statute on other grounds as stated in Wells v. Estridge*, 646 S.W.2d 41 (Ky. 1982). Here, Mr. Tackett was entitled to 12% interest until the effective date of the 2017 amended version of KRS 342.040. This is what was awarded by

the ALJ and affirmed by the Board.  We agree and find no error.  The language cited by Eclipse indicating the 2017 version of the statute was to apply to all orders entered on or after the effective date of the statute only applies prospectively.  It does not affect interest that is already owed to an employee before the entry of a workers' compensation award order.  Unlike KRS 342.730(4), which specifically stated it would apply retroactively, *Holcim*, *supra*, there is no such express declaration in KRS 342.040.  KRS 446.080(3).

ALL CONCUR.

BRIEF FOR APPELLANT:

J. Gregory Allen
Terri Smith Walters
Pikeville, Kentucky

BRIEF FOR APPELLEE JOEY TACKETT:

McKinnley Morgan
London, Kentucky