## Maryland Casualty Co. v. Reeves et al.
### (Decided April 27, 1934.)

HARMAN, FRANCIS & HOBSON for appellant.
G. R. BLACKBURN for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

On August 23, 1922, Edgar Reeves was killed in an accident which arose out of and in the course of his employment with the Pond Creek Coal Company. Both he and his employer were operating under the provisions of the Workmen's Compensation Act (Ky. Stats., sec. 4880 et seq.). Reeves was survived by his wife, Susie Reeves. On the 9th day of November, 1922, the Pond Creek Coal Company and its insurance carrier, the appellant, Maryland Casualty Company, entered into an agreement with Susie Reeves to pay her the maximum compensation provided for by law, i. e., $4,000, at the rate of $12 per week for 333 1/3 weeks. All the necessary papers pursuant to this agreement were filed with and approved by the Compensation Board on the 14th day of November, 1922, and thus the agreement took on the same force and effect as an award of the board. Susie Reeves was regularly paid compensation under the aforesaid agreement until the 1st day of July, 1925, at which time she married Robert Slade. At the time of her marriage, compensation had been paid to her for a period of 149 weeks, and in the total sum of $1,788. In accordance with the provisions of the Compensation

Act, payments of compensation to Susie Reeves ceased immediately on her remarriage. Now it appears that a posthumous child, E. W. Reeves, was born to Susie Reeves on April 26, 1923. This son remained in the care and custody of his mother until February 8, 1931, when she died. On April 19, 1932, Hattie Mills, grandmother of the infant child, qualified as its statutory guardian; it having theretofore been without a statutory guardian. Nine days after appointment of this guardian, the appellant, Maryland Casualty Company, as the insurance carrier of the Pond Creek Coal Company, paid to the guardian the balance of the principal due under the aforesaid agreement relative to the compensation for the death of Edgar Reeves. This sum amounted to $2,212. Thereupon E. W. Reeves, through his statutory guardian, filed an application before the Compensation Board to have the Pond Creek Coal Company and its insurance carrier pay to his guardian for him interest on the balance of the amount of compensation unpaid at the time of his mother's remarriage in 1925 at the rate of 6 per cent. per annum, the compensation to bear such interest on each weekly installment from the time when it should have been paid until April, 1932, when that entire balance was paid to the guardian as aforesaid. This interest amounts to approximately $700. The Pond Creek Coal Company and its insurance carrier resisted this application. The board, being of opinion that the awarding of interest was discretionary with it, and that the record showed no bad faith or wrongdoing on the part of the Pond Creek Coal Company and its insurance carrier in not paying the compensation to the child earlier than they did, dismissed the application. On petition for review before the circuit court, the award of the Compensation Board was set aside, and the interest asked for was adjudged the infant. From that judgment this appeal is prosecuted.

Section 7 of the Compensation Act, now section 4887 of the Kentucky Statutes, provides:

"Except as provided in secs. 4883 and 4885 hereof, no compensation shall be payable for the first seven days of disability, and all compensation shall be payable on the regular pay day of the employer commencing with the regular pay day after seven days after the injury, with interest at the rate of six per cent [6%] per annum on each installment from the time it is due until paid; provided, how-

ever, this section as amended shall not become effective until August 1, 1918.''

Relying on the case of Hazard Blue Grass . Coal Corp. v. Scott, 206 Ky. 759, 268 S. W. 548, and the interpretation put upon that case in Schneider's Workmen's Compensation Law, and in Dosker & Caldwell's Workmen's Compensation Law, the board and the appellant insists that section 7 of the Compensation Act is as to interest not mandatory in its nature, but simply directory or permissive. In the Scott Case, supra, the issue was whether or not there was any competent evidence to support the finding of the Compensation Board, and it was held that there was, which fact being true, it was held that the award of the board was not subject to review by the courts on the ground that it was against the evidence. The board in that case had awarded interest on past-due installments, and that action of the board had been challenged by the employer. In upholding the right of the board to allow interest on past-due weekly installments, the case simply referred to the section of the Statutes under which the board acted. The language of the Scott Case upon which reliance is put is:

''The authority for allowing interest on the past-due weekly installments of the award may be found in Kentucky Statutes, sec. 4887.''

There is nothing in this expression of the court that can fairly be construed other than as a reference to the section of the statutes under which the board acted. It certainly is not a construction of the statute to the effect that it is directory and not mandatory. If anything, the construction is rather that the awarding of interest is mandatory since there was no discussion in the case as to whether the board had abused a discretion in allowing interest. Inasmuch as the allowance of interest was challenged, it follows that unless the act is mandatory in its nature, it devolved upon this court, in order to fairly answer contention of counsel, to discuss whether the board had abused its discretion or not in allowing the interest. The absence of such discussion rather leads to the conclusion that the court regarded the section as mandatory. The Scott Case is no authority for the position of the board nor for the statements of Schneider and Dosker & Caldwell in their books. We are of opinion that section 7 of the act is mandatory. It states in clear and unambiguous language that all

compensation shall be payable with interest at the rate of 6 per cent. per annum on each installment from the time it is due until paid. The agreement as to compensation in the instant case having been filed with the board and it having approved that agreement, it had the effect of an award. When Susie Reeves remarried, the compensation was then due the child, and the act plainly states that interest shall be awarded on each installment from the time it is due until it is paid. The Pond Creek Coal Company and its carrier could have taken steps to have had the necessary parties appointed to whom they could safely have made these payments, and by so doing have relieved themselves from the running interest. This they did not do, but chose to stand by. It must be remembered, though, that, while they were standing by, they had the use of the money which ought to have been paid for the child. The company and its insurance carrier are obligated by the express and clear words of the statute to pay the interest on the installments as and when they should have been paid. It follows that the judgment of the circuit court in setting aside the award of the board and directing the payment of the interest is correct, and it is hereby affirmed.