**Henry CAMPBELL, Appellant,**

v.

**John W. YOUNG, Commissioner of Labor of the Commonwealth of Kentucky and Custodian of the Special Fund, Appellee.**

Court of Appeals of Kentucky.

March 17, 1972.

Cawood Smith, Harlan, for appellant.

Gemma M. Harding, Louisville, Thomas R. Emerson, Dept. of Labor, Frankfort, for appellee.

STEINFELD, Chief Justice.

The Workmen's Compensation Board held that appellant Campbell "* * * became totally and permanently disabled on or about the 30th day of June 1964, as the result of occupational disease * * *." It said that he should "* * * recover of the * * * Special Fund, the sum of $38.00 per week for a period not to exceed in the aggregate 425 weeks from and after June 30, 1964, with interest at 6% per annum on all past due and unpaid installments thereof, which have accrued after June 3, 1969, the date on which claim herein was filed, from date due until paid."

By petition for reconsideration, and in the circuit court Campbell unsuccessfully sought to have declared his right to interest from the date he became disabled as distinguished from the date of the award. The circuit court wrote:

"Ordinarily the payment of interest is due 'seven days after the injury or disability resulting from an occupational disease.' The Court of Appeals has not, in every instance held this mandatory. In the case of Maryland Casualty Company v. Reeves, 254 Ky. 83, 70 S.W.2d 992, the Court held the company liable but in that case it is strongly implied

that it had knowledge that payments were due after claimant's mother became disqualified and should have arranged to make the payments.

"The statute further says that interest should be paid 'on each installment at the time it is due until paid.'

"The Company in the case at bar had no knowledge that it owed the Petitioner anything or that he was making a claim against it until the claim was filed, and the Board dealt equitably with the parties holding interest to be due from the date the claim was filed."

By appeal Campbell continues that argument here.[1]

KRS 342.040 provides:

"Time of payment of compensation. Except as provided in KRS 342.020 and 342.030 no compensation shall be payable for the first seven days of disability unless disability continues for a period of more than two weeks in which case compensation shall be allowed from the first day of disability. All compensation shall be payable on the regular pay day of the employer, commencing with the first regular pay day after seven days after the injury or disability resulting from an occupational disease, with interest at the rate of six percent per annum on each installment from the time it is due until paid."

Speaking of that statute before occupational diseases were included by a 1956 amendment, we said:

"It states in clear and unambiguous language that all compensation shall be payable with interest at the rate of 6 per cent per annum on each installment from the time it is due until paid."

Maryland Casualty Co. v. Reeves, 254 Ky. 83, 70 S.W.2d 992 (1934).

The judgment is reversed with direction to the circuit court to order the board to correct its award consistent with this opinion.

All concur.

---

[1.] The Special Fund appealed but we dismissed. Campbell filed a cross-appeal.