Joyce Lee **RIDGE**, Movant,

v.

Donald Henry **RIDGE**, Sr., Respondent.

Supreme Court of Kentucky.

Oct. 31, 1978.

James I. Foley, Louisville, for movant.

Michael V. Hargadon, Louisville, for respondent.

CLAYTON, Justice.

In an action for dissolution of marriage, the Jefferson Circuit Court awarded Joyce Lee Ridge a judgment of $341,698.08 representing the unpaid balance of her portion of the marital property. The judgment, entered June 9, 1975, required Donald Henry Ridge, Sr., to execute a promissory note for the amount mentioned above, payable on or before five years from the date of judgment and bearing an interest rate of 4%. The Court of Appeals affirmed the trial court's determination regarding the valuation and division of the marital property. We granted discretionary review only upon the limited issue of interest on the judgment.

The movant claims that the trial court erred in allowing interest of only 4% on the judgment. The rate of interest on judgments is governed by KRS 360.040, which at the time the judgment was entered read as follows:

A judgment shall bear legal interest from its date. A judgment may be for the principal and accrued interest; but if rendered for accruing interest, it shall bear interest only according to its terms. Provided, That when a claim for unliquidated damages is reduced to judgment, such judgment may bear less interest than six per cent (6%) if the court rendering such judgment, after a hearing on that question, is satisfied that the rate of interest should be less than six per cent (6%). All interested parties must have due notice of said hearing.

The unequivocal language of the first sentence of the statute required the judgment to bear interest at the rate of 6%. The trial court therefore exceeded the scope of KRS 360.040 in awarding interest at 4%. The movant was thus entitled to a 6% rate of interest on the judgment from its date.

The only issue remaining is the effect of the statutory increase of the interest rate on the judgment. KRS 360.040 was amended, effective June 19, 1976, to increase the

legal rate from 6% to 8%.[1] The increase took effect more than a year after the judgment was entered here. Movant argues that as a result of the amendment the judgment should bear interest at the higher rate.

There is a division of authority as to whether interest on an outstanding judgment is affected by a subsequent change in the legal rate. One line of cases regards judgments as contractual, while other jurisdictions hold that interest on judgments is a matter of statutory grace. Annot., 4 A.L.R.2d 932. Courts adhering to the contract theory hold that interest becomes fixed at the legal rate in existence on the date a judgment is rendered. *See Bartlett v. Heersche,* Kan., 496 P.2d 1314 (1972). On the other hand, those courts that regard interest as a purely statutory creation hold that the rate is subject to later change by law, the change to take effect from the date of the statute. *See Noe v. City of Chicago,* 56 Ill.2d 346, 307 N.E.2d 376 (1974).

This is a question of first impression in Kentucky, and we are persuaded to adopt the position that the rate of interest on judgments is a statutory rather than a contractual matter. We therefore hold that the increase of the legal interest rate applies prospectively to prior unsatisfied judgments, the new rate beginning with the effective date of the amendment. The movant thus became entitled to interest at 8% upon amendment of KRS 360.040.

The judgment is affirmed in all respects except the rate of interest. The 4% rate is reversed, with directions that the movant be granted interest of 6% from the date of judgment until June 19, 1976, and 8% thereafter.

All concur.