Thelma STOVALL (Special Fund) and
Coal Miners Pneumoconiosis
Fund, Appellants,

v.

L.C. COUCH; C & S Fuel, Inc. and
Workers' Compensation
Board, Appellees.

Court of Appeals of Kentucky.

Sept. 30, 1983.

Steven A. Burnham, Dept. of Labor, Louisville, for appellants.

Dale B. Mitchell, Somerset, Boyd F. Taylor, London, for appellees.

Before DUNN, LESTER and Mc-DONALD, JJ.

LESTER, Judge.

This is an appeal from an order of the Clay Circuit Court affirming the opinion and award of the Workers' Compensation Board which found the claimant, L.D. Couch, to be 100% occupationally disabled. The only issue upon appeal is whether it was error for the Board to award interest at the rate of 12% per annum on *all* due and unpaid installments. We believe that the Board did err in doing so, and reverse.

Appellee Couch filed a claim for benefits alleging that he was suffering from pneumoconiosis. The Board apportioned liability for the aforesaid award, 40% to the Special Fund, 40% to the Coal Miner's Pneumoconiosis Fund, and 20% to the employer, C & S Fuel, Inc. The employer and the Special Fund filed petitions for reconsideration alleging that the Board erred in applying the 12% interest rate on *all* past due benefits. The Board overruled those petitions. Then, the Special Fund and the Coal Miner's Pneumoconiosis Fund appealed the decision to the Clay Circuit Court, which court upheld the opinion and award.

On this appeal, appellants contend that KRS 342.040, governing the rate of interest on past due installments, was misapplied. On the date of last injurious exposure, that statute allowed 6% interest on such benefits. However, the provision was amended, effective July 15, 1982, increasing the rate of interest to 12% per annum on each installment *from the time it is due* until paid. To uphold the Board's award would amount to retroactive application of the amendment, appellants contend.

As this particular application of KRS 342.040 has yet to be the topic of an appellate decision, both sides in this controversy look for analogy to the case of *Ridge v. Ridge*, Ky., 572 S.W.2d 859 (1978). *Ridge* dealt with the application of an amendment to the statute governing the legal rate of interest on judgments. The Kentucky Supreme Court decided:

> ... to adopt the position that the rate of interest on judgments is a statutory rather than a contractual matter. We therefore hold that the increase of the legal interest rate applies prospectively to prior unsatisfied judgments, the new rate beginning with the effective date of the amendment. *Id.* at 861.

Appellants assert that, employing the logic of *Ridge*, the 12% rate of interest should begin on the effective date of the statutory amendment, July 15, 1982, and that prior to that date, interest should be 6% as per the old statute. Appellee Couch looks to the language in *Ridge*, namely that the new rate of interest "applies prospectively to prior unsatisfied judgments," thus concluding that the rate of interest is controlled by the date of judgment and not the date of accrual of the cause of action, and that the 12% rate in effect upon the date of judgment is applicable.

In *Campbell v. Young*, Ky., 478 S.W.2d 712, 713 (1972), the then Court of Appeals discussed the question of when interest was to begin accruing on unpaid compensation benefits. That court held that interest was due from the date *the claim for compensation was filed*. In the instant case, when Couch filed his claim, the interest rate in effect was 6% per annum. In our opinion, the plain wording of KRS 342.040 dictates that appellants may only be assessed interest on unpaid benefits at 6% prior to July 15, 1982, and at 12% thereafter. Consequently, the Board's award to the contrary and the lower court's affirmation thereof was in error.

The order of the circuit court is reversed with directions that that court remand the cause to the Board for entry of an order consistent with this opinion.

All concur.