APACHE COAL COMPANY, Appellant,

v.

Rodney FULLER and Workmen's
Compensation Board of
Kentucky, Appellees.

No. 75–965.

Supreme Court of Kentucky.

June 11, 1976.

Rehearing Denied Nov. 12, 1976.

William J. Baird, III, Baird & Baird,
Pikeville, for appellant.

C. Kilmer Combs, Kelsey E. Friend Law
Firm, Pikeville, for appellee, Fuller.

LUKOWSKY, Justice.

This is an appeal from a judgment of the
Pike Circuit Court which granted Rodney
Fuller workmen's compensation benefits in
the amount of $27.00 per week for partial
disability.

The factual background is not in dispute.
The evidence established that Fuller was
injured after January 1, 1973, that he re-
turned to work for another company after
his injury at a higher wage than he was
earning at the time of his injury and that
he had a ten percent to thirty-five percent
functional impairment to the body as a
whole. The board found that his average
weekly wage was $170.00, that he had two
dependents and that he had an occupational
disability of twenty percent.

The sole question presented for decision is
the system by which his benefits should be
computed. This imposes upon us the un-
pleasant task of interpreting and applying
KRS 342.620(9), (10), (11), (12), KRS 342.-
730(1)(b) and KRS 342.740(1). These stat-
utes rival the Internal Revenue Code in
complexity and contradiction. Their seem-
ing internal inconsistency and inconsistency
with each other is hypnotic and soporific.

KRS 342.620 provides in part:

(9) *"Disability"* means, except for pur-
poses of KRS 342.730(1)(c) relating to
scheduled losses, *a decrease of wage earn-
ing capacity due to injury or loss of abili-
ty to compete* to obtain the kind of work
the employe is customarily able to do, in
the area where he lives, taking into con-
sideration his age, occupation, education,
effect upon employe's general health of
continuing in the kind of work he is cus-
tomarily able to do, and impairment or
disfigurement. *A person who has lost
wages by reason of his disability,* and
who is otherwise eligible for compensa-
tion, *is entitled to compensation* during
the compensable period *in an amount
equal to the wages lost, so long as the
amount does not exceed the applicable
maximum compensation.* For purposes
of determining wages lost under this sec-
tion, it is assumed that wage earning
capacity prior to injury is the average
weekly wage as calculated under KRS
342.140. *An individual entitled to bene-
fits under permanent partial disability
shall be entitled to either his lost wages
due to his injury, or body functional dis-
ability benefits, whichever is greater.*

(10) *"Income benefits" means payments made under the provisions of this chapter to the disabled worker or his dependents in case of death, excluding* medical and related benefits.

(11) "Medical and related benefits" means payments made for medical, hospital, burial and other services as provided in this chapter other than income benefits.

(12) *"Compensation" means all payments made under the provisions of this chapter* representing the sum of income benefits and medical and related benefits.

KRS 342.730 provides in part:

(1) *Income benefits for disability shall be paid to the employe as follows, subject to the maximum and minimum limits specified in KRS 342.740:*

(b) *In all* other *cases of permanent partial disability,* including any disfigurement which will impair the future usefulness or occupational opportunities of the injured employe, or employe disabled by an occupational disease, *compensation shall be determined according to the percentage of disability,* taking into account, among other things, any previous disability, the nature of the physical injury or disfigurement, the occupation of the injured employe and age at the time of injury or at the time the disability from an occupational disease began. *The compensation paid* therefor *shall be 55* percent of the average weekly earnings of the employe at the time of his injury and two and one-half percent of his average weekly wage at the time of injury for each dependent up to a maximum of three, *subject to the limitations contained in KRS 342.740,* multiplied by the percentage of disability caused by the injury or occupational disease; *provided, however, the individual entitled to benefits under permanent partial disability shall be entitled to compensation based on lost wages or body functional disability benefits, whichever is greater.*

KRS 342.740(1) provides:

*The minimum weekly income benefits for disability shall not be less than 20*

*percent* (computed to the next higher multiple of $1.00) *and the maximum weekly income benefit shall not exceed 60 percent* (computed to the next higher multiple of $1.00) *of the average weekly wage of the state* as defined herein. In any event, *income benefits shall not exceed the average weekly wage of the injured employe.*

A careful examination of these statutes will quickly establish that a sentence by sentence dissection and attempted reconciliation would serve only to confound confusion in a field already replete with inconsistency. Suffice it to say that disability is defined and paid for on the loss of earning capacity theory with a provision for entitlement to compensation based on the actual wage loss theory, whichever provides the higher benefits. Cf. Larson, Workmen's Compensation Law, Sec. 57.10. It is apparent that what the legislature has done is adopt two theories for the computation of benefits and provide that the employee is entitled to be paid pursuant to the theory which will grant him the greater return.

To restate the conclusion in the simplest terms, the employee is entitled to benefits computed by the most favorable of the following formulae:

A. Fifty-five percent of the average weekly earnings of the employee at the time of his injury and two and one-half percent of his average weekly wage at the time of injury for each dependent up to a maximum of three, multiplied by the percentage of occupational disability caused by the injury.

B. His average weekly wage prior to injury minus his average weekly wage subsequent to injury.

If we apply formula A to the facts of this case we find that the income benefits for disability should be $20.40 per week. If we apply formula B to the facts of this case we find that the income benefits for disability should be zero per week.

The legislature has, however, limited its largesse by providing that the maximum weekly income benefit shall not exceed six-

ty percent of the average weekly wage of the state (at the time of his injury $81.00), but in an effort to avoid the label of parsimony it has also provided that the *minimum weekly income benefits for disability* shall not be less than twenty percent of the average weekly wage of the state (at the time of this injury $27.00).

In *C. E. Pennington Co., Inc. v. Winburn, Ky.*, 537 S.W.2d 167 (1976) we held that the maximum limitation applied to income benefits to be paid for partial disability not to the product of average weekly earnings multiplied by fifty-five to sixty-two and one half percent as the number of dependents might require. Following this rationale to its logical conclusion, we are of the opinion that the minimum limitation applies to income benefits to be paid for partial disability and not only to cases of total disability in which the average weekly wage is so low that the weekly income benefit computed in accord with KRS 342.-730(1)(a) is below the minimum.

We remind those who may be dissatisfied with this result that the entire concept of workmen's compensation is a creature of statute. Our function in interpreting statutes is limited to analyzing and applying what the legislature has said, and does not extend to psychoanalyzing the legislature and applying what it may have meant to say. Cries for modification should be addressed to the legislature.

The circuit court did not err when it increased the award from $20.40 per week to the statutory minimum of $27.00 per week.

The judgment is affirmed.

All concur.