James R. YOCOM, Commissioner of Labor and Custodian of the Special Fund, Appellant,

v.

Eugene GANTLEY, Sunset Memorial Gardens, and Kentucky Workmen's Compensation Board, Appellees.

SUNSET MEMORIAL GARDENS and Federal Kemper Insurance Agency, Appellants,

v.

Eugene GANTLEY, Kentucky Workmen's Compensation Board, and James R. Yocom, Commissioner of Labor and Custodian of the Special Fund, Appellees.

Court of Appeals of Kentucky.

Feb. 17, 1978.

Discretionary Review Denied June 6, 1978.

177

Cyril E. Shadowen, Asst. Counsel, Dept. of Labor, Louisville, Kenneth E. Hollis, Gen. Counsel, Dept. of Labor, Frankfort, for James R. Yocom, Commission of Labor and Custodian of the Special Fund.

Charles L. Hobson, Robert A. Bowman, Frankfort, for Sunset Memorial Gardens and Federal Kemper Ins. Co.

Billy Todd Cheshire, Frankfort, for Eugene Gantley.

Before HOWARD, PARK and WHITE, JJ.

HOWARD, Judge.

This is an appeal from the Franklin Circuit Court wherein the Opinion and Award of the Kentucky Workmen's Compensation Board was affirmed. The Board found the claimant, Eugene Gantley, to have a thirty percent disability to the body as a whole, with twenty-five percent of that disability being noncompensable. The remaining five percent disability was apportioned between the Special Fund and the employer, Sunset Memorial Gardens. The percentage calculation pursuant to KRS 342.730(1)(b) entitled Gantley to an award of $2.70 per week for as long as he is disabled. However, pursuant to *Apache Coal Company v. Fuller*, Ky., 541 S.W.2d 933 (1976), the Board increased the amount of the award to $29.00 per week.

The Special Fund argues that KRS 342.-740(1) as interpreted by *Apache, supra,* bears no reasonable relation to established principles of workmen's compensation law and therefore violates Sections 2, 3 and 59 of the Kentucky Constitution and the Due Process and Equal Protection clauses of the Fourteenth Amendment of the Constitution of the United States. The employer, Sunset Memorial Gardens, raises this constitutional argument, and also raises as error that the Board's finding that Gantley received an injury of appreciable proportions resulting in the impairment of his future earning capacity is clearly erroneous based on the reliable, probative and material evidence contained in the record.

■ Gantley, at the time of his injury, was working for Sunset Memorial Gardens selling memorial estates. On January 10, 1975, he slipped and fell on a sidewalk while proceeding to a house for the purpose of soliciting a sale. In this fall he fractured his left leg. Gantley had been stricken with polio in that leg at an early age, necessitating numerous surgeries throughout his life. From time to time, he had worn a brace on his left leg and used crutches.

After reviewing the medical testimony contained in the record, especially that of Dr. Armand K. Fischer, we feel that there is substantial evidence in the record to support the Board's finding that Gantley has suffered a five percent occupational disability to the body as a whole. *Armco Steel Corporation v. Mullins,* Ky., 501 S.W.2d 261 (1973). The Board correctly followed the procedure outlined in *Young v. Fulkerson,* Ky., 463 S.W.2d 118 (1971), in apportioning the liability between the Special Fund and the employer.

The interpretation of KRS 342.740(1) by the court in *Apache, supra,* allowed minimum weekly benefits for permanent partial disability. We are aware that the General Assembly has amended KRS 342.730(1)(b), effective January 1, 1977, in response to the *Apache* decision.

In *Cantrell v. Stambaugh,* Ky., 420 S.W.2d 677, 678 (1967), the court states that "[T]he maximum award base is a matter of substance . . . and thus governed by the statutes in effect at the time of the accident."

And in *Collier v. Hope Coal Co.,* Ky., 269 S.W.2d 278 (1954), the court makes these statements, at page 280, concerning changes in the Workmen's Compensation law, KRS 342.111:

. . . In fact, the statute was enacted to correct a defect in the Workmen's Compensation Act which was brought into sharp focus by our opinion in *Harrison v. Tierney Mining Company,* 276 Ky. 637, 124 S.W.2d 757, holding that the dependents of an injured employee could not recover undue and unpaid weekly compensation installments after the employee's death—that the right to such weekly payments did not survive his death. As a consequence, it naturally follows that any increase in the amount allowed by the statute for death was not intended to apply retroactively.

Both in *Harrison v. Tierney Mining Company, supra,* and in *Apache,* the court states that it is interpreting the respective statutes and that modification of the statutes should come from the legislature.

■ We cannot hold *Apache* unconstitutional as it was the logical interpretation of KRS 342.730(1)(b) as that statute read before amendment. The statute in effect at the time of Gantley's accident and its interpretation in *Apache* governs the amount of the award he is to receive.

The judgment of the trial court is affirmed.

WHITE, J., concurs.

PARK, J., concurs in part and dissents in part.

PARK, Judge, concurring in part and dissenting in part.

I concur in that portion of the opinion of the majority holding that there was substantial evidence in the record to support the board's finding that Gantley had suffered a 5% occupational disability to the body as a whole as a result of the work related injury. Gantley's injured leg was still causing him difficulty and pain. He testified that his injured leg tires more quickly than previously and that he can no longer do a lot of walking. This court cannot disturb the board's finding. However, I believe that there is merit in the argument that the provisions of KRS 342.740(1) relating to the *minimum* weekly income benefits are unconstitutional when applied to the facts of this case.

Gantley's average weekly wage at the time of his injury was $97.89. Gantley has since been able to obtain new employment at $135.00 per week. Consequently, the board's award is based upon a finding of

probable future loss of wages. The board has, in effect, predicted that Gantley will have an average weekly wage loss of $4.89 ($97.89 × 5%). Even though the board has found that Gantley's earning capacity has been diminished by only $4.89 per week, the board has awarded Gantley benefits of $29.00 per week. This sum represents 20% of the state average weekly wage which constitutes the minimum weekly income benefit provided by KRS 343.740(1). *See Apache Coal Co. v. Fuller,* Ky., 541 S.W.2d 933 (1976). Another employee with the same average weekly wage and no dependents, but with a 54% disability, would have received the same benefits as awarded Gantley ($97.89 × 55% × 54%). Gantley not only received the same weekly benefits as an employee whose disability was ten times greater, but Gantley also received $24.11 per week more than his projected weekly loss of earning power. I can find no rational basis for awarding Gantley any sum in excess of his average weekly wage multiplied by the percentage of disability determined by the board. The board's award of $29.00 per week to Gantley includes, in effect, a weekly gift of $24.11 which is completely unrelated to the injury suffered by him. To the extent that Gantley's employer and the Special Fund are compelled to make such a weekly gift to Gantley, KRS 342.740(1) is arbitrary and in violation of section 2 of the Kentucky Constitution. *See Burns v. Shephard,* Ky., 264 S.W.2d 685 (1953), and *Illinois Central Railroad Co. v. Commonwealth,* 305 Ky. 632, 204 S.W.2d 973 (1947).

I would reverse the judgment of the circuit court. The case should be remanded to the board with directions to limit the liability of the employer and the Special Fund to $2.45 per week each ($97.89 × 2½%). In computing the minimum weekly income benefits payable under KRS 342.740(1), the factor provided by KRS 342.730(1)(b) need not first be applied to average weekly earnings.