James R. YOCOM, Commissioner of
Labor and Custodian of Special
Fund, Appellant,

v.

Willie WEST, Letcher County Board of
Education, and Workmen's Compensa-
tion Board, Appellees.

LETCHER COUNTY BOARD OF
EDUCATION, Appellant,

v.

James R. YOCOM, Commissioner of Labor
and Custodian of Special Fund, Willie
West, and Workmen's Compensation
Board, Appellees.

Court of Appeals of Kentucky.

Aug. 24, 1979.

As Modified Sept. 14, 1979.

Denis S. Kline, Asst. Counsel, Dept. of
Labor, Louisville, Kenneth E. Hollis, Gen.
Counsel, Dept. of Labor, Frankfort, for
James R. Yocom.

Richard D. Cooper, Cooper, Gullett,
Combs & Holliday, Hazard, for Willie West.

John D. Hays, Stratton, May & Hays,
Pikeville, for Letcher County Bd. of Ed.

HAYES, Judge.

This is an appeal from a holding of the
Letcher Circuit Court affirming an Opinion
and Award by the Workmen's Compensa-
tion Board. Both the employer and the
Special Fund appeal in separate actions
which we have consolidated for the pur-
poses of this opinion.

Willie West, under circumstances which
have no bearing on this appeal, injured his
back in the performance of his job duties as
a custodian for appellant Letcher County
Board of Education. The Board found a
temporary total disability, to be compensat-
ed at the rate of $96.00 per week. It also
found a 25% permanent partial disability of
which 10%, i. e. $\frac{2}{5}$ of the total, was due to a
prior active condition, and thus noncom-
pensable. The Board apportioned the re-
maining 15%, $\frac{1}{2}$ to the employer on the
basis that $\frac{3}{10}$ of the total disability was
attributable to the job related injury, and $\frac{1}{2}$
to the Special Fund on the basis that $\frac{3}{10}$ of
the total disability was due to a pre-existing
dormant condition.

The Board applied the *Apache v. Fuller*,
Ky., 541 S.W.2d 933 (1976), minimum to a
calculation of West's usual income accord-
ing to *Transport Motor Express Co. v. Finn*,
Ky., 574 S.W.2d 277 (1978), raising his
award from $13.90 per week to $32.00 per
week. The first issue which we will con-
sider on appeal is whether the claimant's
award should be reduced by the proportion
of his disability which, but for the Board's
application of *Apache*, would have been ex-
cluded as being due to a prior active condi-
tion.

The amount of the award is challenged
on three grounds: (1) that the *Apache* deci-
sion is unconstitutional; (2) that *Finn*, in
effect, overrules *Apache*; and, (3) that be-

cause of specific statutory language which takes precedence, *Apache* is not here wholly applicable.

■ As to the first contention, we of course decline to review the constitutionality of a decision made by the Supreme Court of Kentucky with, we are sure, full cognizance of constitutional issues.

Similarly, since the majority opinion in *Finn, supra,* did not suggest that it intended to disturb *Apache,* we must assume that no such result was intended.

We do, however, hold that the express language of KRS 342.120(4), *i. e.* that all compensation for a prior disabling disease or condition shall be excluded from the award is controlling in this situation.

■ We believe that the method by which to honor the mandate of KRS 342.-120(4) and, at the same time, to give *Apache* the appropriate application, is to begin by raising a claimant's award to the *Apache* minimum, and then calculating the appropriate proportionate reduction.

If we begin with the Board's result, *i. e.* $32.00 per week, of which $16.00 is owing from the employer and the other $16.00 is payable by the Special Fund, we calculate the exclusion as follows: (Step I.) $16.00 × ⅖ = $6.40; and (Step II.) $16.00 − $6.40 = $9.60. Thus the weekly amount owing from each appellant for appellee's permanent partial disability is $9.60. West's *total* weekly award should then be $19.20.

Appellants point out in their briefs, and appellee's brief does not seriously dispute, that the temporary total disability award of $96.00 per week was calculated prior to the issuance of *Transport Motor Express, Inc. v. Finn, supra.* The Board applied the "lost wages" method rather than the formula set out in KRS 342.730. This approach has clearly been discredited by the *Finn* case, *supra.*

We therefore remand to the Circuit Court with instructions to remand to the Board for calculation of West's temporary total disability benefits according to KRS 342.-730, and for calculation of his permanent partial disability benefits according to the instructions set out in this opinion.

HOWARD and GANT, JJ., dissent.