James R. YOCOM, Commissioner of Labor and Custodian of the Special Fund, Appellant,

v.

Ovie MILLER, Kentucky Association of Electric Coop., and Workmen's Compensation Board, Appellees.

KENTUCKY ASSOCIATION OF ELECTRIC COOPERATIVES, Appellant,

v.

Ovie MILLER, James R. Yocom, Commissioner of Labor and Custodian of the Special Fund, and Workmen's Compensation Board, Appellees.

Court of Appeals of Kentucky.

Aug. 24, 1979.

Rehearing Denied Feb. 8, 1980.

William G. Lehnig, Louisville, for Kentucky Ass'n of Elec. Cooperatives.

Freeman B. Blackwell, Louisville, for Ovie Miller.

Cyril E. Shadowen, Gemma Harding, Dept. of Labor, Louisville, for James R. Yocom.

Before MARTIN, C. J., REYNOLDS and WILHOIT, JJ.

MARTIN, Chief Judge.

This case is before us on remand from the Supreme Court with directions to reconsider in light of *Transport Motor Express, Inc. v. Finn*, Ky., 574 S.W.2d 277 (1978), decided after our unpublished opinion in this case was issued. Upon reconsideration, we are of the opinion that our previous holding was correct insofar as it affirmed the findings that claimant sustained a work-related injury of appreciable proportions under *Osborne v. Johnson*, Ky., 432 S.W.2d 800 (1968). However, what remains to be reconsidered now is the method of computing the benefits payable to claimant and apportionment thereof pursuant to *Finn, supra*, for his permanent partial disability.

The Board found that claimant was 35% occupationally disabled. Of the 35%, 5% was assessed against the employer, 5% against the Special Fund, and 25% was determined to have been due to a prior, active disability. We will not disturb these findings.

The record discloses that claimant's average weekly wage was $193.63. The statutory figure applicable at the time was 62.5%, and the statutory maximum of benefits payable was $96.00 and the minimum was $32.00. Because the computation of benefits payable to claimant would be below the applicable $32.00 minimum, according to its pre-*Finn* calculations, the Board apparently raised the award to the minimum and assessed $16.00 against the Special Fund and $16.00 against the employer, since they were found to have been equally liable.

The circuit court affirmed. On appeal to this Court we affirmed, holding that the decision in *Apache Coal Co. v. Fuller*, Ky., 541 S.W.2d 933 (1976), was applicable.

Because of the holding of the Supreme Court in *Finn, supra,* we believe that the award must now be computed differently.

In speaking of apportionment in cases involving a noncompensable prior disability, the Supreme Court has stated that KRS 342.120 provides for apportionment of responsibility for loss among all three parties, i. e., the employer, Special Fund, and employee. In particular, the Supreme Court has ruled that:

> [t]he intent is manifest that where a portion of the resultant disability is attributable to a prior "disabling" disease or condition or injury, the employee must bear responsibility. This Court has no choice but to give effect to this exclusion. *Finn, supra* 574 S.W.2d at 282.

If we were merely required to apply the formula set out in *Finn* to this case, then we could reach a simple conclusion of the matter. However, because of the holding in *Apache, supra,* which was not expressly limited or overruled by *Finn,* we must decide whether and to what extent the minimum weekly benefit applies in a case involving a noncompensable prior, active disability.

In its order of remand in this case, the Supreme Court has not offered any guidance as to the manner in which *Apache* should apply, if at all. Although the facts of *Apache* are distinguishable from those in the instant case, we believe that the reasoning of *Apache* must be applied to give effect to the statutory minimum award otherwise applicable to this case which was pending or not finally decided prior to November 12, 1976, and which did not arise after January 1, 1977.

There is more than one way in which *Apache* can be applied in this situation. One method was referred to by this Court in its earlier opinion in this case wherein it was held that *Apache* was correctly applied to give the employee the statutory minimum of $32.00, $16.00 of which was attributable to the Special Fund and $16.00 to the employer. That method has apparently been rejected by the Supreme Court in light of *Finn,* since it does not take into account the noncompensable portion which must be attributed to the employee. We must now reject that method and hold that the Board and the circuit court erred in awarding claimant the minimum of $32.00 apportioned equally against the Special Fund and employer without any provision for exclusion of noncompensable disability.

*Apache* can be applied consistently with *Finn* in situations discussed below. In each of these situations it is necessary to speak in terms of the formula established by *Finn.* The formula, as applied to this case of partial disability and apportionment, is as follows:

> Claimant's average weekly wage ($193.63) multiplied by the statutory percentage (62.5%) multiplied by the combined disability figure (35%). (We would note at this point that the formula in the petition for discretionary review filed in the Supreme Court by the Special Fund and Kentucky Association of Electric Cooperatives omitted the combined disability figure before reducing to the maximum of $96.00.) Thus, $193.63 × 62.5% × 35% = $42.36. This figure is less than the applicable statutory maximum of $96.00 so there is no need to reduce.

The next step involves apportionment of the liability among the various parties as follows:

> Amount payable by employer is: $42.36 multiplied by the ratio of the percentage of disability attributable to employer over the combined disability figure (5%/35%) or $\frac{1}{7}$ × $42.36 = $6.05.

> Amount payable by Special Fund is: $42.36 multiplied by the ratio of the percentage of disability attributable to the Special Fund over the combined disability figure (5%/35%) or $\frac{1}{7}$ × $42.36 = $6.05.

Amount attributable to employee and therefore noncompensable: $42.36 multiplied by the ratio of the percentage of preexisting (noncompensable) disability over the combined disability figure (25%/35%) or $5/7 \times \$42.36 = \$30.26$.

*Apache* requires that income benefits payable to claimant be no less than the statutory minimum, which at the time applicable here was $32.00. Before we can decide exactly how *Apache* is to be applied, we must determine the meaning of the term "income benefits." Does this term refer to the amount actually paid to the claimant after the noncompensable disability ($30.26 here) is excluded? If so, the amount would have to be raised from $12.10 payable by the employer and Special Fund to $32.00 divided equally between the employer and Special Fund, which would negate the mandatory exclusion set out in *Finn*. To be consistent with *Finn*, we believe that "income benefits" must be interpreted to include the preexclusion amount ($42.36) of which a portion ($30.26) must be assessed against the employee. Given this reasoning, the "income benefits" before apportionment between the three liable parties is $42.36 which exceeds the minimum figure of $32.00, therefore satisfying the requirement of *Apache*.

Based on the reasoning set forth above, we conclude that the award should have found the employer liable for $6.05, the Special Fund liable for $6.05, and the employee liable for the remaining $30.26. *See Elmendorf Farms v. Goins*, Ky.App., 593 S.W.2d 81 (decided today), and *Yocom v. West*, Ky.App., 587 S.W.2d 608 (decided today).

We can foresee another application of *Apache* in a similar situation. If for example, in this case, the "income benefits" figure had been less than the statutory minimum, the figure would be raised to the minimum pursuant to *Apache*, and then the apportionment among the three parties would be applied. For example, if the figure were $24.00 instead of $42.36, the amount would be raised to $32.00, and then the apportionment would be as follows:

Employer (5%/35%) $1/7 \times \$32.00 = \$4.57$

Special Fund (5%/35%) $1/7 \times \$32.00 = \$4.57$

Employee (25%/35%) $5/7 \times \$32.00 = \$22.85$

The judgment of the circuit court is reversed with directions that the case be remanded to the Workmen's Compensation Board to enter an award consistent with this opinion.

All concur.