**GENERAL ELECTRIC COMPANY and Special Fund, Appellants,**

v.

**Michael STEENBERGEN and Workmen's Compensation Board, Appellees,**

and

**James R. YOCOM, Commissioner of Labor and Custodian of the Special Fund; and General Electric Company, Appellants,**

v.

**Michael STEENBERGEN and Workmen's Compensation Board, Appellees.**

Court of Appeals of Kentucky.

Aug. 22, 1980.

Discretionary Review Denied
Feb. 12, 1981.

Bruce Barrickman, Glasgow, for appellant General Electric Co.

John E. Stephenson, Dept. of Labor, Louisville, for appellants James R. Yocom, Commissioner of Labor and Custodian of the Special Fund.

William J. Rudloff, Bowling Green, for appellee Michael Steenbergen.

Before GUDGEL, HOGGE and VANCE, JJ.

VANCE, Judge.*

The claimant, Michael Steenbergen, suffered two separate, work-related back injuries each of which required disc surgery. The first of these injuries occurred May 30, 1975. As a result of this injury the Board determined that the claimant had a 20% permanent partial occupational disability and awarded him benefits in the amount of $16.65 per week. As this amount was below the statutory minimum, the compensation payable was increased to $29.00 per week pursuant to the holding in *Apache Coal Company v. Fuller*, Ky., 541 S.W.2d 933 (1976).

Steenbergen sustained a second back injury on October 20, 1977. He filed another claim with the Workmen's Compensation Board which found that Steenbergen had a 40% occupational disability apportioned as follows:

10% of the disability is attributable to the injury of October 20, 1977 alone; the employer is responsible for this.

10% of the disability is attributable to the arousal of a dormant nondisabling disease or condition; the Special Fund is responsible for this.

The remaining 20% is attributable to the degree of occupational disability existing immediately prior to the subject injury; the employee is responsible for this.

The Board calculated the benefits payable to be $13.24 per week by the employer and $13.24 per week by the Special Fund. The

---

* This case was assigned and argued prior to the May 1, 1980 amendment to SCR 1.030(7)(b).

employer filed a petition for reconsideration, the sole basis of which was the argument that it was entitled to a credit against the second award in the amount of $12.35 per week, representing the amount in which the first award had been raised pursuant to *Apache, supra*. The Special Fund also filed a petition for reconsideration with the Board challenging only the method of computation used in arriving at the dollar amount of the claimant's award. The Board sustained the employer's petition and directed that it should receive a credit of $12.35 per week against the claimant's award. The petition of the Special Fund was overruled.

Steenbergen appealed to the circuit court and both the employer and Special Fund filed cross-appeals. The circuit court affirmed the Board's opinion and award dated May 7, 1979, and set aside that portion of the Board's order of June 18, 1979, which granted the employer a credit against the benefits payable to Steenbergen.

The employer and the Special Fund have appealed to this Court. They both contend that the method used to compute the award is erroneous and the employer further contends that the trial court erred in setting aside the credit of $12.35 against the award to Steenbergen. We are of the opinion that the first of these contentions cannot be sustained.

■ In arriving at the amount payable by the employer and the Special Fund, the Board followed the formula set out in *River Coal Company v. Mullins*, Ky.App., 25 K.L.S. 14 (October 13, 1978). The result reached in that case has since been affirmed by the Kentucky Supreme Court in *River Coal Company v. Mullins*, Ky., 594 S.W.2d 875 (1979). The amount of weekly benefits is calculated by multiplying the average weekly wage times the statutory percentage times the percentage of disability. Appellants concede that the computation used conforms to the requirements of *Transport Motor Express, Inc. v. Finn*, Ky., 574 S.W.2d 277 (1978), and *River Coal Company,*

*supra*, but contend that this is not the method of computation called for by the statute. It is appellants' position that the maximum benefit provisions of KRS 342.-740 should be applied after multiplying the average weekly wage times the statutory percentage, and if the result is greater than the maximum benefit provision the figure should be reduced before it is multiplied times the percentage of disability. This is not, however, the interpretation placed on the statutes by the controlling case law which we are bound to follow. We decline to reverse the judgment on this basis.

■ We find merit in the contention of the employer that it was entitled to a credit for the amount by which the income benefits to claimant were increased to reach the statutory minimum, to-wit: $12.35.

The actual income benefit that the claimant was entitled to by reason of his first injury was $16.65. The increase of $12.35 was simply to bring the award up to the minimum amount per week permissible under KRS 342.740. At the time of claimant's injury the weekly minimum was $29.00.

The actual income benefit payable to claimant by reason of his second injury was $26.48. Of this amount $13.24 was payable by the employer and $13.24 by the Special Fund. The two injuries combined produced a 40% occupational disability which would entitle claimant to a weekly payment of $43.13. This exceeds the minimum statutory weekly payment and obviates any reason to continue in effect the payment of the additional $12.35 per week which was necessary to raise the first award to the minimum.

■ *Apache Coal Company v. Fuller*, Ky., 541 S.W.2d 933 (1976), merely held that the statutory minimum income benefits were applicable to cases of partial as well as to total disability. It did not hold, however, and KRS 342.740 does not provide, that a minimum income benefit shall be paid for each separate injury. Such an interpretation, carried to its logical conclusion, would

mean that a worker who, over a period of time, suffered five separate injuries, each 2% occupationally disabling, would be entitled to five minimum awards (totaling $145.00 per week). If, for the sake of argument, it could be said that each of the five minimum awards should simply be added one to the other, at some point the total benefits paid would exceed the maximum weekly benefit. Without question the maximum benefit provision would operate to reduce the total payments to the maximum amount allowed.

The maximum and minimum benefit provisions should be applied consistently. If the maximum sets a limit beyond which total payments for any number of injuries cannot exceed, then the minimum must likewise set a lower limit to which the total payments for any one or more injuries must equal or exceed. Here the payment for the first and second injuries equals and exceeds the minimum and the amount arbitrarily added to the first award to bring it up to the minimum should be dropped.

The judgment is affirmed insofar as it upholds the computation of benefits for the second injury. It is reversed insofar as it failed to allow General Electric Company to take credit for the sum by which the first award was artificially raised to meet the minimum payment. A new judgment shall be entered affirming the final order of the Workmen's Compensation Board.

All concur.