**Vicki ROLAND, Appellant,**

v.

**KENTUCKY RETIREMENT SYSTEMS; Board of Trustees of Kentucky Retirement Systems; and Kentucky Employees Retirement System, Appellees.**

No. 1999–CA–000881–MR.

Court of Appeals of Kentucky.

April 28, 2000.

Rehearing Denied June 23, 2000.

Discretionary Review Denied
Sept. 20, 2001.

Donald Duff, Frankfort, Kentucky, for Appellant.

James Dodrill, Frankfort, Kentucky, for Appellee.

BEFORE: BARBER, HUDDLESTON and MILLER, Judges.

## OPINION

BARBER, Judge:

Vicki Roland appeals from an order of the Franklin Circuit Court upholding the denial of her application for disability retirement, by the Kentucky Employees Re-tirement Systems, on the grounds it was untimely filed. At issue is the application of the former version of KRS 61.600(1)(c):

> (1) Any person may qualify to retire on disability, subject to the following conditions:
>
> . . . .
>
> (c) The person's application shall be on file in the retirement office no later than twelve (12) months after the person's last day of paid employment in a regular full-time position[.] [1]

Having reviewed the record and analyzed the applicable law, we reverse.

The essential facts are not in dispute. Roland was employed full-time by the Administrative Office of the Courts as a pre-trial release officer. She suffered a work-related back injury in April 1994 and was off work from April 1994 until November 27, 1995. Roland returned to work for three days before being re-hospitalized. She has not been able to work since that time.

Roland filed an application for disability retirement benefits on November 25, 1996, listing her last day of paid employment as November 29, 1995 (KRS Form 6, "Notification of Retirement"). By letter dated December 12, 1996, the appellee, Kentucky Retirement Systems, denied the application:

> Our laws state that you must have at least 60 months of service credit, be under age 65, and apply within 12 months of your last day of paid employment in a full-time position to qualify for Disability Retirement. **Since you have been off the payroll since April 30, 1994, you are not eligible to apply for**

---

1. KRS 61.600(1)(c), as amended effective July 15, 1998, reads:

    The person's application shall be on file in the retirement office no later than twelve (12) months after the person's last day of paid employment, as defined in KRS 61.510, in a regular full-time position, as defined in KRS 61.510 or KRS 78.510[.]

**Disability Retirement.** (emphasis added).

Roland requested an administrative hearing which was held on February 12, 1997. Exhibits included computerized records from Kentucky Retirement Systems entitled "Detail File Statement," (Ex. 3). Those records show Roland's date of hire as December 1, 1985. The statement for the fiscal year ending June 1996 shows that Roland's "last contribution [was] on: 11/30/95." Her last pay date was 11/30/95. The place on each statement to indicate "date of termination" and "date retired/date refunded," had been left blank.

Roland testified at the hearing that she went on medical leave after her April 1994 back injury. She had some accumulated leave with pay, and borrowed some leave through an employee-sharing program. Roland was paid through April 30, 1994; however, she actually stopped working earlier in the month.[2] Roland was subsequently awarded workers' compensation benefits retroactively to this time.

Roland returned to work in Pretrial Services in November 1995. An AOC memo dated 12/5/95 states: "THE FOLLOWING PERSONNEL/POSITION ACTION IS EFFECTIVE B.O.B. 11/27/95: TYPE OF ACTION RETURN FROM LEAVE INCREMENT DATE 01/01/96." (emphasis original). Roland's first day back was November 27, 1995. She worked three days. On November 29, 1995, she had to call her husband from work and he took her to the hospital. She has not been able to work since that time.

Roland's Time and Attendance Report (Form AOC–5) reflects that she worked 7.5 hours on November 27, 1995, 7.5 hours on November 28, 1995, and 6.5 hours on November 29, 1995.[3] Her pay stub for the period ending 11/30/95 reflects gross pay of $194.93 and a $9.75 deduction for retirement contribution. A schedule for December 10–16, 1995, reflects Roland was to work from 8:00 a.m. to 4:30 p.m. Monday, Tuesday, Thursday and Friday and from 8:00 a.m. to 4:00 p.m. on Saturday, a total of 42 hours.

Roland's employment was terminated in April 1996. In January 1997[4], she received a check from the Kentucky Retirement Systems for $9.75 "refunding" the retirement contribution deducted from her November 1995 paycheck. Roland did not cash the check.

Malinda Wheeler, Assistant General Manager of Kentucky Pretrial Services, was Roland's supervisor. She testified Roland had turned in time sheets and doctor's statements every two weeks while on medical leave. Wheeler could not have hired a replacement for Roland during this time because she was a full-time employee on leave without pay status. Wheeler testified that Roland had last worked full-time in November 1995. Kentucky Retirement Systems did not call any witnesses at the hearing.

In a Report and Recommended Order dated May 6, 1997, the hearing officer concluded Roland's application was not timely filed based upon KRS 61.600(1)(c).

---

2. Kentucky Retirement Systems contended, below, that the time to file for disability retirement started to run on April 30, 1994; however, that was not the last date Roland actually worked in 1994 because Roland was already on medical leave at that time.

3. The Form provides that, "Total Hours Must Equal or Exceed 37.5" for each week. It appears that the Time and Attendance Form was used by full-time employees.

4. January 1997 was after the filing and denial of Roland's application for disability retirement benefits, and more than a year after the contribution had been made.

He found that Roland's last day of paid employment was April 30, 1994; further, that her employment in November 1995 did not meet the "necessary requirements of 100 hours in a calendar month as mandated by KRS 61.510(21)." Roland filed exceptions. The Administrative Appeals Committee adopted the hearing officer's Report and Recommended Order by Order dated June 10, 1997.[5]

Roland sought review in the Franklin Circuit Court, which affirmed by Order dated March 16, 1999. The circuit court explained that the facts were not in dispute; therefore, the issue was whether Kentucky Retirement Systems had correctly applied the law in denying Roland's application. The circuit court determined that pursuant to KRS 61.600(1)(c), KRS 61.510(5) and KRS 61.510(21)(d), Roland's "last day of paid employment" was April 30, 1994, and that her application had to be filed within twelve months of that date. The circuit court concluded that Roland "was not in a regular, full-time position on November 29, 1995 because her position was characterized as a 'part-time' position due to the fact that she averaged less than ... 100 hours per month, calculated by using the number of months actually worked in the calendar year." Roland appeals.

This is not a situation where our review is limited to determining whether or not the evidence supports the factual determination of an administrative body. This is a situation involving the legal effect of undisputed facts. We are not bound to accept the legal conclusions of the administrative body. *Commonwealth, Department of Highways v. Cardwell*, Ky., 409 S.W.2d 304 (1966). The decision is reviewable as a matter of law. *Terry v. Associated Stone Company*, Ky., 334 S.W.2d 926 (1960).

The applicable version of KRS 61.600(1)(c) requires an application for disability retirement benefits to be filed within one year of the last day of paid employment[6] in a regular full-time position.[7] KRS 61.510(21) provided:

> "Regular full-time positions," as used in subsection (5)[8] of this section, shall mean all positions that average one hundred (100) or more hours per month,[9] including all positions except:
>
> (a) Seasonal positions....
>
> (b) Emergency positions....
>
> (c) Temporary positions .... and
>
> (d) Part-time positions which are positions which may be permanent in duration, but which require less than a calendar or fiscal year average of one hundred (100) hours of work per month, determined by using the number of

---

5. One member dissenting.

6. KRS 61.510 was amended effective July 15, 1996, to include a definition of "last day of paid employment." Subsection (32) provides, "Last day of paid employment" means the last date employer and employee contributions are required to be reported in accordance with KRS 16.543, 61.543, or 78.615 to the retirement office in order for the employee to receive current service credit for the month[.]

7. To be eligible for disability retirement, employees must have 60 months of service credit

and be under normal retirement age. KRS 61.600(1)(a) & (b). Roland met those requirements.

8. Subsection (5) defines "Employee."

9. This is the version of the statute in effect in April 1994. The statute was amended effective July 15, 1994, to include the phrase "determined by using the number of months actually worked within a calendar or fiscal year." That phrase appeared in both versions of KRS 61.510(21)(d), *infra*, dealing with part-time positions.

months actually worked within a calendar or fiscal year, in the performance of duty[.]

Kentucky Retirement Systems concluded that Roland's position in November 1995 was part-time and denied her application, based upon the fact that she worked less than 100 hours in a calendar month. The fact that Roland was unable to work due to a work-related injury appears to have been largely ignored.

First, any question of statutory construction or interpretation begins with the issue of the intent of the legislature in its passage. KRS 446.080(1) mandates as follows:

All statutes of this state shall be liberally construed with a view to promote their objects and carry out the intent of the legislature.

See also, *Firestone Textile Company Division, Firestone Tire and Rubber Company v. Meadows*, Ky., 666 S.W.2d 730, 732 (1984), wherein Justice Leibson stated, "All presumptions will be indulged in favor of those for whose protection the enactment was made."

*Vance v. Kentucky Unemployment Insurance Commission*, Ky.App., 814 S.W.2d 284, 286 (1991).

█ Clearly, the purpose of disability retirement benefits is to provide security for those who are unable to continue working until normal retirement age due to injury or disease. Pensions serve as an inducement to competent persons to enter and remain in public service. *Maybury v. Coyne*, Ky., 312 S.W.2d 455 (1958). "Pension statutes should be examined in their entirety for the legislative intent and are to be given a liberal construction." *Id.* at

p. 457. The denial of Roland's application as untimely filed results in a forfeiture contrary to the policy and purpose of the legislative enactment. Roland was a full-time employee, with approximately nine years of service, when she sustained a work-related injury. The characterization of her status as part-time following her return from medical leave also runs contrary to the spirit of the Kentucky Workers' Compensation Act.[10]

█ Only full-time employees are eligible for membership in the retirement system. KRS 61.525; 61.510(5). Roland was a member of the Kentucky Retirement Systems in April 1994 before she went on medical leave. KRS 61.535(1) entitled "Cessation of membership—Conditions," outlines five conditions where the membership of any person in the system shall cease:

(a) Upon withdrawal of his accumulated contributions at or any time after termination of employment, regardless of length of service;

(b) Upon disability retirement;

(c) Upon service retirement;

(d) Upon death; and

(e) Upon termination of employment with prejudice.

(2) For purposes of KRS 61.510 to 61.705, 16.505 to 16.652 and 78.510 to 78.852, termination of employment with prejudice shall mean termination as the result of conviction of the member in a court of competent jurisdiction of embezzlement or larceny of public funds or property or malfeasance in office, or the forcing of a member to make restitution for any funds or property criminally tak-

---

10. KRS 342.197(1) provides:

No employee shall be harassed, coerced, discharged, or discriminated against in any

manner whatsoever for filing and pursuing a lawful claim under this chapter.

Subsection 3 provides for a civil cause of action for violation of the statute.

en by said member at the time of termination of employment.

None of those conditions applied to Roland when she went on medical leave in April 1994. Roland's medical leave due to a work-related injury did not change her status as a member of the retirement system, a membership available only to full-time employees. We believe an analogous situation was addressed in OAG 79–435, where a merit system employee sought to escape statutory restrictions upon political activity by going on leave without pay during the period of such activity.

Merely taking an unpaid leave of absence does not change his status as an "employee," if the job calls for compensation to be paid therefor. Either he *is* or is *not* an employee. He cannot be an employee one day and a non-employee the next, because he received no compensation for a particular day.

. . . .

In short, he retains all the emoluments and perquisites associated with the position. His employment *status* has not changed. He is an employee who receives no pay for the period when he is on leave without pay, but he is still an employee, nevertheless . . . .

KRS Chapter 61 does not provide a particular meaning for the term "position."

As Roland notes, "position" is defined at KRS 18A.005(23) as "an office or employment in an agency (whether part-time, full-time or interim, *occupied, or vacant*) involving duties requiring the services of one (1) person[.]" (emphasis supplied). In the context of whether or not a job is seasonal, for calculating an average weekly wage for workers' compensation purposes, the test is not what the worker intended, but what the job itself entails. *May v. James H. Drew Shows, Inc.,* Ky.App., 576 S.W.2d 524, 526 (1978).

We believe this is the appropriate analysis in this case. The "regular position" that Roland occupied in Pretrial Services was a full-time position. Roland's application, filed within one year of her last day of paid employment in that position, was timely filed. Accordingly, the Order of the Franklin Circuit Court is reversed and this case is remanded to the appellee, Kentucky Retirement Systems, for further proceedings consistent with this opinion.

ALL CONCUR.