RENDERED: APRIL 12, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0824-MR

KENTUCKY PUBLIC PENSIONS
AUTHORITY ON BEHALF OF THE
KENTUCKY RETIREMENT
SYSTEMS AND THE COUNTY
EMPLOYEES RETIREMENT
SYSTEM                                                                    APPELLANTS


|  | APPEAL FROM FRANKLIN CIRCUIT COURT |
|---|---|
| v. | HONORABLE PHILLIP J. SHEPHERD, JUDGE |
|  | ACTION NO. 21-CI-00136 |


KANDI HALE                                                                    APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, LAMBERT, AND MᴄNEILL, JUDGES.

COMBS, JUDGE: Appellant, Kentucky Public Pensions Authority on behalf of

the Kentucky Retirement Systems and the County Employees Retirement System

(the Retirement Systems),[1] appeals from a decision of the Franklin Circuit Court

---

[1] On June 24, 2021, Appellant filed a notice of Respondent/Agency name change in the circuit court, that effective April 1, 2021, the Kentucky Public Pensions Authority became responsible

reversing the denial of Appellee's application for disability benefits. After our review, we affirm the decision of the circuit court determining that Appellee was entitled to disability benefits.

The Appellee, Kandi Hale (Hale), was employed by City of Ashland. Her membership date in the County Employees Retirement System (CERS) was April 26, 1999; her last date of paid employment was December 6, 2019; and her retirement date was January 1, 2020. Hale had more than 16 years of service credit; accordingly, pre-existing conditions are not at issue.

Most recently, Hale held the positions of Benefits Administrator/ ABC[2] Administrator/Assistant City Clerk. Her duties were classified as light work, which "involves lifting no more than twenty (20) pounds at a time with frequent lifting or carrying of objects weighing up to ten (10) pounds." KRS 61.600(5)(c)2. Hale was responsible for managing employee benefits, assisting the HR director with all department functions, administering all alcoholic beverage licenses within city limits, and assisting the City Clerk in her absence. Hale worked eight hours per day, which involved standing/walking for two or three hours per day and sitting for five or six hours with the option of alternating those

___

for the day-to-day administrative needs of the Kentucky Retirement System and the County Employees Retirement System, including provision of legal services. Kentucky Revised Statutes (KRS) 61.505(1)(c)3.

[2] Alcoholic Beverage Control.

functions. Hale indicated that the heaviest items she had to lift were ordinance books, which weighed about 15 pounds and were kept on a large bookshelf. Hale would have to climb a ladder multiple times a day to retrieve the books, which were awkward to handle -- especially while standing on the ladder.

On May 28, 2019, Hale applied for disability retirement benefits alleging disability due to multiple ailments: a heart attack, heart palpitations, leaking heart valves, bladder cancer, levoscoliosis of the lumbar spine (causing severe back pain), Baker's cysts, potential arthritis, and stress and anxiety problems. Based upon the recommendations of two of the three medical review board members, Hale's application was denied twice. She then requested an evidentiary hearing.

The hearing was conducted on September 2, 2020, and additional medical records were submitted. On December 14, 2020, the hearing officer filed Findings of Fact, Conclusions of Law, and Recommended Order. The hearing officer recommended that Hale's application be denied, concluding that Hale had "failed to prove by a preponderance of the objective medical evidence that her conditions, or the cumulative effect of these conditions, mentally or physically incapacitated her on a permanent basis since or from her last day of paid employment."

Hale filed exceptions. Nonetheless, on January 22, 2021, the Disability Appeals Committee of the Board of Trustees of the Kentucky Retirement Systems (the Board) adopted the hearing officer's recommended order as its Final Order.[3]

Hale then filed a petition for judicial review in Franklin Circuit Court. By Opinion and Order entered December 16, 2022, the circuit court reversed the decision of the Board. The Retirement Systems filed a motion to alter, amend, or vacate, which the circuit court denied by Order entered on June 12, 2023. The Retirement Systems appeals.

At the outset of our analysis, we note the *raison d'être* for the existence and role of the Retirement Systems: "[T]he purpose of disability retirement benefits is to provide security for those who are unable to continue working until normal retirement age due to injury or disease. Pensions serve as an inducement to competent persons to enter and remain in public service." *Roland v. Kentucky Retirement Systems*, 52 S.W.3d 579, 583 (Ky. App. 2000). "All statutes of this state shall be liberally construed with a view to promote their objects and carry out the intent of the legislature . . . ." KRS 446.080(1).

---

[3] The Board's sole modification to the order of the hearing officer was the addition of the words, "pursuant to KRS 61.600(5)(c)[2.]," following the sentence on page 23 of the hearing officer's Recommended Order -- that Hale's "position can best be described as light work[.]"

The criteria for disability retirement are set forth in KRS 61.600. The statute requires a determination based upon objective medical evidence[4] that since her last day of paid employment, the applicant has been incapacitated from performing her prior job or a job of like duties; that the incapacity results from bodily injury, mental illness, or disease; and that the resulting condition is permanent.[5] KRS 61.600(3)(a)-(c). "The determination of a permanent incapacity shall be based on the medical evidence contained in the member's file and the member's residual functional capacity and physical exertion requirements." KRS 61.600(5)(a)2.

KRS 61.600(5)(b) provides that:

The person's residual functional capacity shall be the person's capacity for work activity on a regular and continuing basis. The person's physical ability shall be assessed in light of the severity of the person's physical, mental, and other impairments. The person's ability to

---

[4] KRS 61.510(33) defines "Objective medical evidence" as:

reports of examinations or treatments; medical signs which are anatomical, physiological, or psychological abnormalities that can be observed; psychiatric signs which are medically demonstrable phenomena indicating specific abnormalities of behavior, affect, thought, memory, orientation, or contact with reality; or laboratory findings which are anatomical, physiological, or psychological phenomena that can be shown by medically acceptable laboratory diagnostic techniques, including but not limited to chemical tests, electrocardiograms, electroencephalograms, X-rays, and psychological tests[.]

[5] "An incapacity shall be deemed to be permanent if it is expected to result in death or can be expected to last for a continuous period of not less than twelve (12) months from the person's last day of paid employment in a regular full-time position." KRS 61.600(5)(a)1.

walk, stand, carry, push, pull, reach, handle, and other physical functions shall be considered with regard to physical impairments. **The person's ability to understand, remember, and carry out instructions and respond appropriately to supervision, coworkers, and work pressures in a work setting shall be considered with regard to mental impairments**. Other impairments, including skin impairments, epilepsy, visual sensory impairments, postural and manipulative limitations, and environmental restrictions, shall be considered in conjunction with the person's physical and mental impairments to determine residual functional capacity.

(Emphasis added.)

With respect to the burden of proof, we note that "[t]he applicant has the burden of proof, with the burden of persuasion being 'met by a preponderance of the evidence in the record.' KRS 13B.090(7)." *Kentucky Retirement Systems v. Ashcraft*, 559 S.W.3d 812, 817 (Ky. 2018).

Where the fact-finder's decision is to deny relief to the party with the burden of proof or persuasion, the issue on appeal is whether the evidence in that party's favor is so compelling that no reasonable person could have failed to be persuaded by it. In its role as a finder of fact, an administrative agency is afforded great latitude in its evaluation of the evidence heard and the credibility of witnesses, including its findings and conclusions of fact. . . . A reviewing court is not free to substitute its judgment for that of an agency on a factual issue unless the agency's decision is arbitrary and capricious.

*McManus v. Kentucky Retirement Systems*, 124 S.W.3d 454, 458-59 (Ky. App. 2003) (cleaned up). In *Ashcraft, supra*, our Supreme Court set forth a two-step

-6-

approach for appellate review, holding that even if the Board's decision is adverse, "a reviewing court should first consider whether substantial evidence supports the Board's decision." *Id.* at 822.

The Retirement Systems argues that the circuit court misapplied the law governing judicial review by re-weighing the evidence, by mistaking relevant facts,[6] by applying the "treating physician rule," and by shifting the burden of proof to the Retirement Systems. We disagree. It appears that Retirement Systems misperceived the circuit court's analysis.

Ultimately, the circuit court concluded that the evidence was **so overwhelming that it compelled a finding** in Hale's favor as follows in relevant part:

> The record indicates that, starting in 2018, Hale began suffering from extensive pain in her knees and back which was growing progressively worse. The City accommodated her physical complaints with an orthopedic chair and a standing desk. Although the accommodation helped, Hale said it did not resolve her ongoing pain. She also began experiencing anxiety and depression and was taking medication regularly. Hale suffered a heart attack and was hospitalized in November

---

[6] This is a non-issue. Retirement Systems contends that the circuit court erred by finding that the Board classified her job as sedentary. The circuit court correctly states at page 1 of its Opinion and Order that "Hale's position was characterized as light work . . . ." At page 12 of its Opinion and Order, the circuit court does state that "though the Board classified her job as 'sedentary' since most of her time was spent sitting," it appears that the circuit court was referring to the *medical review board*. Indeed, Dr. Merz, the medical review board member, who twice recommended approval of Hale's application, incorrectly stated that she was "employed in a sedentary position as a Benefits Administration Administrator . . ." in his June 4, 2019 and August 29, 2019 approval letters.

2018.  She also underwent surgery related to her previous bladder cancer diagnosis.  Upon returning to work, Hale was in constant pain and could not concentrate on any of her usual work tasks.  She iced her knees during the workday, but by the end of each day, her pain levels were extreme.  It became obvious to her that she could no longer perform her many job responsibilities to the level that she and the City expected.  As a result, she applied for disability.  The standard for disability benefits is to determine if, since her last day of paid employment, Hale was physically or mentally incapacitated from performing her job or a job of like duties.  Hale presented records and objective medical testimony that clearly showed she was disabled and unable to perform her job or any similar job.

The circuit court also held that the Board erred in failing to consider the stress of Hale's job:

> The Court considers the stress level of a job to be a vital factor in determining whether an employee can perform her job.  The testimony from Hale's psychiatrist, Dr. Lance, leaves no doubt that Hale often felt overwhelmed, aggravated, and angry at work.  She was assessed to have recurrent anxiety and recurrent major depression disorder that affected her ability to perform her job.  The Court agrees with Hale that the Board erroneously failed to consider the stress of Hale's job when determining that she was unable to perform her job duties.

(Citation to record omitted.)

The circuit court further determined that:

> Upon review of the record, it is clear to this Court that Hale's alleged disability on the basis of a heart attack and heart blockages, heart palpitations, leaking heart valves, bladder cancer, levoscoliosis of the lumbar spine, Baker's cysts, knee swelling and pain, arthritis, and stress

-8-

and anxiety are well documented by her treating physicians. Not only did Hale endure severe medical conditions daily, but she also frequently treated for her conditions and continued to treat after her last day of paid employment. Hale had several additional bladder surgeries, including the removal of the re-occurring cancerous tumors in March 2020.[7] Her heart treatment with Dr. Michelle Friday required and continues to require periodic assessment and medication adjustment. Hale also received epidural pain injections to help manage pain in her lower back. **Cumulatively, the medical records clearly support Hale's application for disability**.

(Citations to record omitted) (bold-face emphasis added.)

We agree with the circuit court's sound reasoning. As this Court explained in *Kentucky Retirement Systems v. Parker*, No. 2011-CA-000329-MR, 2012 WL 1447929, at *4 (Ky. App. Apr. 27, 2012):

[A] "permanent incapacity" determination must be based on the medical evidence, residual functional capacity, and physical exertion requirements. KRS 61.600(5)(a)2. Further, *Bowens*[8] provides that the residual functional capacity analysis requires consideration of the "cumulative effect" of multiple ailments on a claimant's capacity for work on a regular and continuing basis.

Although the hearing officer in the case before us recited the "cumulative effect language" in Finding of Fact No. 13, the statement is essentially

---

[7] As Hale notes in her brief, additional medical evidence was entered into the record after the Retirement Systems medical examiners issued their reports.

[8] *Kentucky Retirement Systems v. Bowens*, 281 S.W.3d 776 (Ky. 2009).

conclusory. "[S]uch a bare statement with no attendant analysis could be perceived as mere lip service to the *Bowens* mandate." *Parker*, 2012 WL 1447929, at \*5. The Board failed to adequately take into account Hale's multiple ailments with respect to their cumulative effect on her capacity for work.

We also concur with the circuit court that "the Board erroneously failed to consider the stress of Hale's job when determining that she was unable to perform her job duties." KRS 61.600(5)(a)2. requires that "determination of a permanent incapacity shall be based on the medical evidence contained in the member's file **and the member's residual functional capacity** and physical exertion requirements." (Emphasis added.) KRS 61.600(5)(b) provides that the applicant's "residual functional capacity shall be the person's capacity for work activity on a regular and continuing basis" and mandates consideration of "[t]he person's ability to understand, remember, and carry out instructions and respond appropriately to supervision, coworkers, and **work pressures in a work setting** . . . with regard to mental impairments." (Emphasis added.)

We affirm the Opinion and Order of the Franklin Circuit Court.


ALL CONCUR.

-10-

BRIEFS FOR APPELLANTS:

Nathan W. Goodrich
Carrie B. Slayton
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Andrew K. Wheeler
Richard W. Martin
Ashland, Kentucky